44b 81
21ap615

## DEVLIN *vs.* THE SECOND AVENUE RAIL ROAD COMPANY.

The plaintiff agreed to perform certain work and labor in shifting or moving the track of a rail road " under the direction " and " to the satisfaction " of L. the city surveyor, whose certificate that the work had been so performed was to entitle the plaintiff to payment. The plaintiff having completed the greater part of the work, was stopped at a certain point, by L., who drove a stake and directed that no work should be done beyond that. *Held* that L. had power, under the contract, to give that direction; and that having been given, it furnished the plaintiff with a sufficient excuse for non-performance of the remainder of the labor. And that it therefore became unnecessary to procure the certificate of L. that the contract had been entirely performed, as a pre-requisite to his recovery.

APPEAL from a judgment entered upon the report of a referee. The action was brought by the plaintiff to recover of the defendants an amount claimed under an alleged agreement between the parties to the action respecting work, labor and materials to be done and furnished by the plaintiff, in moving or shifting the track of the road of the defendant. One item of the agreement was to the effect, that the plaintiff would relay the paving stones between the tracks of the rail road. The partial non-performance of that specific item of the agreement is the main occasion of the controversy now before this court. It is alleged in the complaint that the plaintiff did not relay a portion of the paving stones between the tracks, because he was prevented by the defendant from so doing. A small part of the claim of the plaintiff was for work on the same road, not covered by the agreement, and also for an assigned claim for labor performed by Mr. Ludlum. The answer sets up a distinct denial of the allegations of excuse on the part of the plaintiff for not relaying the track, and also alleges non-performance on the part of the plaintiff in that he had not filed a certificate of Mr. Ludlum, that the work had been done under his direction, and to his satisfaction, which was to be filed by him in accordance with the agreement, and a general denial as to the labor, etc. alleged on the part of the plaintiff, as not within the agreement.

The defendant denies any indebtedness to the plaintiff; also alleges a counter-claim; and controverts some specific items of the complaint.

The action was referred to Livingston Livingston, Esq. as sole referee, to hear and determine the issues. The findings of the referee, as to the facts in the case, warranted and, indeed, secured the findings as matter of law, that the plaintiff, not strictly performing all the terms of his agreement with the defendant, was excusable, because the defendant hindered him in regard to laying the track; and because the delay occasioned by, or proceeding from the defendant, constituted an alteration of the agreement; and that the plaintiff was entitled to recover the amount due for the work performed by him; deducting a proper amount for labor furnished by the defendant. The referee adverts to the certificate of Mr. Ludlum, the filing of which, according to the strict terms of the agreement between the plaintiff and the defendant, was necessary as part of the agreement; and he explains why strict performance on the part of the plaintiff in that respect was neither practicable nor necessary.

Upon the question of fact as to indebtedness and amounts outside the agreement, the referee found substantially as claimed by the plaintiff, and the amounts thus found for the plaintiff go towards making up the aggregate found by the referee in favor of the plaintiff. The referee found that the plaintiff was entitled to recover of the defendant the sum of $4110.70, and costs. And judgment being entered upon the report, the defendant appealed.

*John Slosson,* for the appellant.

*Wm. A. Converse,* for the respondent.

*By the Court,* GEO. G. BARNARD, J. In construing the agreement under which the claim is made by the plaintiff to determine the sufficiency of the excuse which the plaintiff

presents to justify him in his failure in entire performance, it will be necessary to consider the relations of the parties at the time of its execution. There were really three parties interested in it; the plaintiff, who was the contractor to do work; the defendant, which owned the franchise and procured the work to be done, and indirectly the city of New York. The city was to establish the grade upon which it would, of course, require the defendant's road to be constructed, and also that it should be so constructed as not to interfere with the unquestioned rights of the city in any other respect. Ludlum is the surveyor of the city, and he is made the person, as city surveyor in the contract, whose opinion is to govern and control the work, and whose certificate that the same is completed "under his directions and to his satisfaction," is to entitle the plaintiff to payment. Under this contract, the plaintiff entered upon its execution and does the work he agreed to do, except the repaving with cobble stones a portion of the space between the tracks which he was bound to do by the contract. He employed the men to do this, but they were stopped at a certain point by the city surveyor, who drove a stake and directed that no paving should be done by the plaintiff's men beyond, "as below that was to be paved with Belgian pavement," and that there was a contract then made by the city for that purpose. This was in point of fact true, and the city did lay Belgian pavement from the point where the city surveyor directed the plaintiff's men to cease. I think Ludlum had power under the contract to give this direction. He was the very person appointed in the contract by the parties to provide that the work did not conflict with the municipal government of the city. His order was just and proper. It arrested the plaintiff from doing useless work at the expense of the defendant. It saved the defendant from paying the expense of useless work. The referee has allowed the defendant for it upon the contract price. The defendant was alone benefited by the omission, and the defense of non-performance in the particu-

lar item alleged would be hard and even cruel if technically right.

It is not claimed but that the contract was faithfully performed in every other respect. Certificates of such performance have been given by the city surveyor to that effect, which have been furnished to the defendant. The final certificate that the contract has been entirely performed can not be furnished because of this omission to pave a small strip by direction of the surveyor.

The plaintiff, however, being justified in his non-performance in that particular, it of course becomes unnecessary to procure and file with the defendant that certificate as a prerequisite of his recovery.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, May 2, 1865. *Ingraham, Clerke* and *Geo. G. Barnard,* Justices.]