Gerhardt *v.* Amman.

## City Court.

*General Term—January*, 1885.

## CHARLES GERHARDT, PLAINTIFF AND RESPONDENT, *against* CHARLES AMMAN, DEFENDANT AND APPELLANT.

When a contract has been terminated by the employer against the will of the contractor, the latter may waive the contract and bring his action on the common counts for work and labor generally.

Pleadings should be literally construed to uphold a judgment, and amended, if need be, to conform to the facts proved, if no injustice result therefrom.

Appeal from judgment rendered at trial term.

*M. J. Earley*, for appellant.

*Gabriel Levy*, for respondent.

McADAM, Ch. J.—We think the trial judge properly disposed of the issue before him, and that for the reasons stated in his opinion, the judgment ought to be affirmed. The main point urged on the appeal was as to whether the complaint declared upon an express contract or upon a *quantum meruit*, and whether the trial judge should have required the plaintiff to elect which of the two he relied upon. The complaint is so indefinite that it is difficult to tell the precise ground upon which a recovery was sought. The complaint alleges that the plaintiff agreed to do "certain plastering work for $85 per floor;" that he performed the work and the defendant became indebted to him in the sum of $202, and that the work was reasonably worth the sum." Upon the trial the plaintiff proved

Gerhardt v. Amman.

that he did "certain plastering work" and left part incomplete, because the defendant refused to make the payments in the manner agreed upon. The plaintiff was allowed to recover the reasonable value of the work done, to wit: the contract price, less what it would cost the defendant to complete the job. The failure to complete was, according to the finding of the trial judge, owing entirely to the defendant's refusal to complete the agreement upon his part. The entire facts were brought out, and no injustice has been done. The defendant did not prove nor claim to have been misled to his prejudice, and he did not seek an adjournment. We do not think that the case is one of variance (see *Baylies Fr. Ev.* 212). The complaint claiming the reasonable value of the work is broad enough to allow a recovery on what is known as the common counts. We know of no immutable rule which required the trial judge to compel the plaintiff to elect the specific ground upon which he claimed a recovery; he was entitled to any relief consistent with his pleadings and proofs. If a party is misled to his prejudice, he should make the fact appear in some way. In the present case, there was no suggestion of surprise, and both parties introduced all their proofs. When a contract has been terminated by the employer against the will of the contractor, the latter may waive the contract and bring his action upon the common counts for work and labor generally (2 *Greenleaf on Ev.* § 104; Jones v. Judd, 4 *N. Y.* 411; Clarke v. Mayor, etc., 4 *N. Y.* 338; Howell v. Gould, 2 *Abb. Dec.* 418; Devlin v. Second Avenue R. R. Co., 44 *Barb.* 81; Merrill v. Oswego R. R. Co., 16 *Wend.* 586; Koon v. Greenman, 7 *Wend.* 123; Moody v. Smith, 70 *N. Y.* 598).

In Chatfield v. Simonson (92 *N. Y.* at p. 216), the question of election under a defense came up, and the court said: "Under the liberal rule which now prevails for the construction of pleadings, it would be unjust in the extreme to defeat a meritorious defense upon the

ground here claimed, unless we could see that the party-making the claim would be seriously prejudiced thereby. It is quite certain that the plaintiff was as well prepared for the trial as he ever could be," etc. And at p. 217, the court said : "It would even be the duty of the court upon this appeal, under section 723 of the Code, either to disregard the alleged defect in the pleading, or make it, conform to the facts proved, if that were necessary to support the judgment." Upon the entire case, we think that no injustice was done, and no error committed which requires a new trial.

Judgment affirmed, with costs.

HYATT, J., concurred.

Affirmed by New York common pleas on further appeal.