### SHAILER v. CORBETT et al.

*(Supreme Court, General Term, First Department. October 16, 1891.)*

1. APPEAL—REVIEW—WEIGHT OF EVIDENCE—REPORT OF REFEREE.
    When there is a direct conflict in the evidence the appellate court is not authorized to interfere with a judgment entered in defendants' favor on the report of a referee, though its conclusion from reading the evidence might be favorable to plaintiff.

2. SAME—HARMLESS ERROR—IMMATERIAL EVIDENCE.
    In an action by the receiver of a corporation for the possession of chattels delivered by it to defendants to be repaired, when the only issues in the case are the value of the repairs, and whether defendants refused to surrender possession

until a debt incurred before this transaction was paid, evidence of the value of the chattels when they were delivered to defendants is immaterial, and its admission is no ground for reversing a judgment for defendants.

3. BAILMENT—CLAIMS FOR REPAIRS—JUDGMENT.

In an action to recover possession of chattels delivered to defendants to be repaired, it was shown that defendants refused to surrender them to plaintiff on his demand until they were paid the amount already accrued for such repairs, which were not then completed; and that afterwards defendants completed the repairs. Judgment was rendered for defendants for the full value of the repairs as completed after plaintiff's demand. *Held*, that this was proper where there was nothing to show that plaintiff had forbidden the completion of the repairs.

4. SAME—DELAY—ACQUIESCENCE.

Unreasonable delay in completing the repairs is no defense to defendants' claim therefor where plaintiff has apparently acquiesced therein, and there is nothing to show that he was damaged thereby.

Appeal from special term, New York county.

Action by William Shailer against Eugene Corbett and another. From a judgment recovered by defendants on the report of a referee, plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Hatch & Warren,* for appellant. *Charles I. McBurney,* for respondents.

DANIELS, J. The action was brought by the plaintiff as receiver of a corporation known as the "N. H. Leadbetter Company, Limited," to recover the value of four carriages, which the company, in June, 1889, had delivered to the defendants, to be by them repaired. They had performed work and labor and supplied material in the repair of the carriages, and their bill amounted to the sum of $630.85. The repairs upon the carriages were not then completed. But the plaintiff, as the receiver of the company, in November and December is stated to have demanded these carriages from the defendants in the condition in which they then were. and that the defendants refused to deliver them unless another bill owing by the company to them was paid, amounting to the sum of over $1,000; and that they exacted the payment or security for this preceding bill before they would consent to the delivery of the carriages to the plaintiff was maintained as a fact by himself in the course of his evidence, and also by the testimony of Mr. Carr, who was a witness in his behalf; but the defendant who is stated to have made this refusal and exacted this security or payment has positively denied having placed himself or the defendants in that position. He testified that he did not claim payment of the old bill, or anything of that kind, and did not refuse to deliver up the carriages until that bill should be paid or guarantied; and in his denial he is sustained by the correspondence which is shown to have taken place, and the testimony of Mr. Bosworth, the defendants' attorney, who stated that the carriages would be surrendered to the plaintiff for the amount of the defendants' bill for services and material bestowed upon them in the making of these repairs; and that this was all that was required to be paid to entitle the plaintiff to receive the carriages. Upon this evidence it therefore became a question of fact as to who was to be believed, whether the testimony of the plaintiff and Mr. Carr was the most reliable, or that given by this defendant, sustained, as he was, by the correspondence, and the offer which Mr. Bosworth stated had been made; and that, according to the rule which was followed in the case of *Baird* v. *Mayor, etc.,* 96 N. Y. 567, renders the objection of the plaintiff to the conclusions of the referee as to the weight and effect of the evidence untenable. In this case the evidence had been very thoroughly examined by the general term, and the conclusion was reached that by its clear preponderance the contract upon which the action depended had been illegally and corruptly entered into by William M. Tweed, at that time the commissioner of public works of the city of New York. But in the court of appeals a different view was taken of the effect of the evidence, and this de-

cision was reversed, and the judgment on the report of the referee affirmed; and under the principle which was announced and there followed, even though the conclusion upon reading the testimony might be very favorable to the plaintiff, the court, upon an appeal, is not authorized to interfere with the judgment. Evidence was received by the referee, over the exceptions of the plaintiff's counsel, concerning the value of the carriages at the time when they were delivered to the defendants to be repaired; and this evidence, as it was not pertinent to any issue in the case, should strictly have been excluded upon the trial; but it had no bearing whatever upon either of the controverted facts on which the disposition of the case depended. They were, in the first place, the extent of the repairs which had been made upon the carriages at the time when their possession was demanded by the plaintiff, and the bill which had accrued therefor in favor of the defendants; and the further fact whether the latter had insisted upon the payment of the old bill as a condition to the surrender of the property to the plaintiff. They were substantially the issuable facts upon which the decision of the case depended, and receiving this evidence concerning the value of the carriages at the time when they were delivered to the defendants to be repaired was without any effect whatever upon the testimony relating to either of these two facts. While the evidence should not have been received, it produced no possible injury to the plaintiff, and for that reason cannot be made a ground for the reversal of the judgment. Other evidence was excluded by the referee, concerning which the same remark is equally applicable,—that it could have no bearing upon either of these facts; but all the testimony which either party offered relating to them was received by the referee, and it was upon that evidence that he acted in making a disposition of the case.

After the demand which was made of the carriages, and the refusal to deliver them, and which certainly was justified by the omission of the plaintiff to tender the amount of the bill which at that time had accrued in favor of the defendants, they proceeded to complete the repairs required to be made upon the carriages, and in that way increased their bill by the sum of $198.20; and the judgment which has been recovered directs a sale of these carriages, not only for the payment of the bill which had accrued when the demand was made, but also for this additional sum of money; and in form that judgment has the sanction of sections 1737 and 1739 of the Code of Civil Procedure. But whether this additional bill was authorized, under the circumstances, is a point which has been made by the plaintiff in support of the appeal. The work which was performed and the material supplied in completing the repairs of the carriages were authorized by the contract entered into upon the delivery of the carriages to the defendants to be repaired; and there was at no time any refusal on the part of the plaintiff, or of the company itself, forbidding the defendants to go on and complete the repairs of the carriages. If there had been, then, within the authorities, the residue of this bill would constitute no lien upon the property itself. *Clark* v. *Marsiglia*, 1 Denio, 317; *Devlin* v. *Railroad Co.*, 44 Barb. 81. But all that took place, as the referee has accepted the result of the evidence, was the demand for the restoration of the property to the plaintiff, and the defendants' refusal to deliver it without the payment of the bill which had then accrued for the repairs of the carriages themselves. That refusal was justified by the circumstances, for the law secured to them a lien upon the carriages for the payment of this bill at the time when the possession was demanded. There was, consequently, no wrongful act on the part of the defendants forfeiting their right to proceed and complete the performance of the contract. The point was taken, and proof was offered to support it, that there was unreasonable delay on the part of the defendants in making the repairs. But it was not proposed to be proved that any fault was at any time found with such delay by the company, or the receiver, before the demand of

the carriages; and even then it was not mentioned as supporting the right to their possession.. Nor did the complaint claim any advantage or relief because of that fact, but there was an apparent acquiescence on the part of the company and the receiver, even if there had been delay in the progress of the repairs; and there was no error in rejecting this proof. The contract itself which arose out of the circumstances of the case was in no respect disaffirmed; neither were the defendants forbidden to go on with its performance on account of their preceding delay in repairing the carriages; and, as they were not in the wrong in refusing to deliver the carriages without the payment of their bill which had at that time accrued, they were not precluded from still continuing and completing the repairs, as that was designed they should do, at the time the carriages were delivered to them, and by the completion of these repairs they became entitled to this sum of money, and to its collection from the property, by a sale thereof, under these provisions of the Code of Civil Procedure. In no view of the case does there appear to be any cause for interfering with the judgment that has been recovered, unless it may be that part of it which has directed a dismissal of the plaintiff's complaint. That, however, is no more than a formal irregularity; but, consistently, it should not have been directed, but judgment ordered for the defendants for the recovery of these amounts and a sale of the property, as that has been directed, to obtain the money for the payment of this indebtedness. In that respect the judgment may be modified, and, as so modified, it should be affirmed; but whether costs upon the affirmance should be awarded to the defendants should be reserved to be determined at the time when the order itself shall be settled.