O’BRIEN, J.
—The last payment, out of which the appellants insist their liens should be paid, by the terms of the contract, was due when the buildings were completed. By the complaint, and by the answers, not only of the owner, but also of the defendant lienors, who are appellants here, the issue tendered was whether or not the work on the buildings was substantially performed in accordance with the plans and specifications. The confusion which has been introduced is due entirely to the failure to confine the proof to the issue thus presented. After the introduction of evidence by the lienors tending to support their contention of complete or substantial performance, and fearing that they might fail upon their proof, they were allowed without an amendment of the pleadings, and against the objection of the owner, to offer evidence excusing the failure of the contractor to perform, and tending to show that the owner subsequently completed the buildings, and thus to shift their ground, and tender another issue, not presented by the pleadings. The case thus assumes a new phase, and we are referred to testimony in this voluminous record tending to show, as claimed by the lienors, that the owner, under a provision of the contract, gave notice to the contractors that, by reason of their failure to furnish a sufficiency of, material and workmen, he elected, himself, to complete the work, and that he did so complete it, for an amount which is nowhere proven or determined or found, but which, it is insisted, was less than the last payment due under the contract. In passing, we may remark, upon this question of performance by the owner, that assuming two evidence tends to show that in some was the owner put the buildings into a habitable condition, nevertheless such evidence does not prove, nor is there any finding, that the owner completed them according to the plans and specifications; and if, as claimed by the lienors, the testimony tends to show they were completed by the owner, we are unable, except in respect to one particular, — viz. some trim work, for which he paid, — to determine in what manner or to what extent such work confomed to or deviated from the plans and specifications. "Upon sufficient evidence the referee has found that the contractors did not complete, or substantially complete, the buildings; and therefore the *514 conclusion follows, necessarily, that there was a failure to sustain the only issue which was tendered by the pleadings, either as between the plaintiff or the other lienors and the owner. In Elting v. Dayton, 43 St. Rep. 363, which was an action brought by a builder to recover for work done under a contract, alleging full per tor than ce on his part, and wherein, the proof in this respect having failed, evidence of modification of the contract, or waiver, was offered by the plaintiff, by way of excuse, against the objection of the owner, such testimony was held inadmissible under the pleadings; the presiding justice of this court, who wrote the opinion in that case, saying:
“An allegation in the complaint that the terms of a contract have been fully complied with does not authorize proof that it has not been complied with, because of certain facts, in respect to which no mention is made in the pleadings. * * * The only issue tendered by a pleadieg containing this allegation is as to completion of the contract,- not to excuses for nonperformance. It might have been true that, upon a proper application made, the plaintiff would have been allowed to amend his complaint, and, if no objection had been taken to the admission of this testimony, that this court would have amended the complaint in order to support the judgment. But in view of the fact that objection was taken to this testimony at the time of the trial, and upon the precise ground which is urged here, and exception taken to the overruling of the objection, the court cannot consider the pleadings amended to conform to the proof.”
The advantage of the rule which requires that a trial should be conducted, and a conclusion reached, secundum allegata et probata, is well exemplified in this case, wherein, after we depart from the point indicated by the pleadings, we are taken from a clear and open way into a labyrinth of bypaths, which the appellants’ counsel themselves have pursued, and which they now urge upon the court to follow, without any well-defined motion of where they will lead, but with the hope that a way can be found to reach a satisfactory destination. The referee has traveled over most of these, and with his account of the excursion we might well rest content, were it not that it is insisted that in one or two places, most fatal to the appellants, he lost his way.
It is insisted that the contractors did not abandon the work, but were prevented by the owner from proceeding beyond October 11, 1889, and therefore, were entitled to recover, in any view of the case, upon a quantum meruit, whether the buildings were finally completed or not. If the right to recover were placed on this ground, and the evidence were sufficiently clear to support a finding that the contractors did -not abandon the work, but were prevented by the owner from completing it, there might be some force in this contention. But not only is there no finding, but the evidence does not satisfactorily show, that, through any fault of the owner, the contractors were prevented from performing their contract. There was some evidence from which it appeared that, instead of cash, the owner substituted notes, which the contractors were obliged to have discounted, and that this, to some *515 extent, embarrassed the contractors. But the latter did not claim or prove that the owner was not justified in giving the notice of his election to complete the work himself; all that appears being that, upon getting such notice, the contractors thereafter ceased to do any work upon the buildings.
It is further insisted that the election by the owner to complete the work, whether rightful or wrongful, does not change the lienors’ rights; the argument being that if the building was substantially complete, under the contract, before the action was commenced, it matters not whether by the contractor, or by the contractor pro hac vice, in either event the lienors would be entitled to the benefit of the rule of substantial performance, whether such was the work of Schuback, the owner, or of Barron & Barron, the contractors. We do not assent to this proposition, because the lienors’ right was predicated upon the substantial completion by the contractor; and, if the owner rightfully elected to take the contractors’ place, the subsequent completion by him of the contract would present a case for the application of the rule laid down in Van Clief v. Van Vechten, 130 N. Y. 577 ; 42 St. Rep. 736, which is thus stated:
“If nothing is due to the contractor, pursuant to the contract, when the lien is filed, and he abandons the undertaking without just cause, but the owner completes the building according to the contract, under a provision thereof permitting it, the lien attaches, to the extent of the difference between the cost of completion and. the amount unpaid when the lien was filed.”
The lienors, however, did not base their claims upon any theory which would entitled them to the benefit of this rule, but apon the ground that the contractors had substantially completed; and such testimony as we offered, as already pointed out, not only introduced a variance in the cause, but was not directed to showing a completion of the contract by the owner according to the plans and specifications.
It is urged, however, that this latter burden was upon the owner,—to show what was done after he elected to go on with the work, and the cost thereof. But such is not the rule. As said in Beardsley v. Cook, 143 N.Y. at page 150; 62 St. Rep. 144:
“The plaintiff was bound to show that an amount or portion of the contract price which the defendant had stipulated to pay for the erection of the houses, equal to his claim or to the recover? still remained in his hands, over and above what he had expended to complete them." '
That case is an instructive one, because some of its features are like the case at bar, and some of the principles there enunciated are here directly applicable and controlling. In that case the defendant entered into a written agreement with the firm of Davis & Fav. buildeys, whereby they agreed to furnish all the materials and labor in che erection of two houses for the defendant, to be completed on or before January 1, 1891, for the sum of $6,381, to be paid in installments as the work progressed and reached certain stages; the last payment, amounting to the sum of $2,181, to be made when the houses were completed. The plaintiff con. *516 tracted with Davis & Fay to furnish for these houses the necessary interior and exterior trim and other materials; and after performing a part of the work, he procured from the builders a written order upon the defendant, requesting the latter to retain and pay to the plaintiff, on the last payment, the sum of $1,175, according to the terms of their contract with the plaintiff, which order ' was accepted by the defendant.
As said in the opinion:
“The builders never performed the contract, and never completed the houses. It may be that here was a sufficient excuse for nonperformance, but there is no finding on the subject, and it is not apparent in the proofs. There was a clause in the building contract to the effect that in case they failed to complete the houses and furnish the necessary materials and labor for that purpose, then the defendant might do it, and deduct the expense of the completion from any sums unpaid upon the contract. The defendant did complete the houses under this provision of the contract. Whether with or without the consent of the builders is not now very material. But the learned trial judge refused to find that the builders failed to perform their contract, and the amount expended by the defendant in completing the houses, which was the most important element in ascertaining' what portion, if any of the last payment, upon which the order in suit was to be paid over, became due to the contractors, has not been found. * * * The defendant elected to complete the performance of the contract himself, instead of insisting upon performance by the builders; and therefore any part of the contract price, or of the last paymemt, if it remains in his hands after deducting the expense of completing the houses, is applicable to the payment of the plaintiff’s claim, and under such circumstances the certificate of the architect would not be necessary to enable the builders or the plaintiff to recover the balance remaining in the defendant’s hands. But the difficulty is that the learned trial judge apparently refused to go into these questions, or to find what the balance actually was, and it is not the province of an appellate court to attempt to spell out the facts from conflicting evidence.”
In that case a recovery was had, but for insufficiency in the proof, part of which has been pointed out, the judgment was reversed and a new trial granted. Here, because the testimony was insufficient, the referee decided against the lienors, for reasons which are fully and ably stated in his opinion. We might have rested content with that opinion, were it not that we were impressed by the suggestion that had the owner fully completed the contract, according to 'the plans and specifications, there would probably have been a surplus remaining in his hands after paying for such completion, which, in justice, should go to the lienors. The answer to such suggestion, however, is that, in the absence of definite proof or findings, we are asked to guess or surmise as to whether the buildings were completed by the owner according to the plans and specifications, the cost of such completion, and the difference, if any, between the amount unpaid on the contract, *517 and the amount which it would cost to complete the buildings according to the plans and specifications.
We cannot assume that it would not cost the full amount of the contract price to complete the buildings. It will thus be seen that if we disregard the pleadings, and as urged by appellants, examine the record for the purpose of determining whether the lienors are entitled, upon any theory, to any amount, we must conclude, in view of the indefinite, unsatisfactory, and cloudy condition of the proof, that the lienors have not established their right to recover upon any theory, leaving no alternative but a dismissal of the complaint.
As this appeal is presented after a second trial, in which the lienors were fully apprised of the grounds which would be urged against them, as it is not claimed that they have other or different proof which might be available upon another trial, we do not see how the judgment, which is right upon the record, can be disturbed by us. We think, therefore not only for the reasons stated by the referee, but for those which we have advanced as supplemental thereto, that the judgment should be affirmed, with costs.
All concur.