SMYTH v. MARSICH et al.

(Supreme Court, Appellate Division, First Department. April 24, 1896.)

TRIAL—INCONSISTENT FINDINGS.

 In an action against a city to enforce liens on a sewer contract, it was found that the contractor was indebted to the city for failure to carry out the contract in a sum in excess of any balance due for the work actually performed. *Held*, that a further finding, adjudging the city liable to the lienholders for the full amount of their claims, was inconsistent; and a judgment based thereon will be reversed on appeal, and new reference ordered.

Appeal from judgment on report of referee.

Action by Robert S. Smyth against Alfred Marsich, the mayor, aldermen, and commonalty of the city of New York, and others, lienholders, to enforce liens under a contract between the city and the said Marsich. Judgment was entered on an order confirming the report of a referee allowing the claims of the lienholders, and the city appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Theo. Connoly, for appellant.
C. A. Burgess, for respondent Smyth.
Henry W. Bridges, for respondents Otis et al.
Earley & Prendergast, for respondent Bell.
G. M. Curtis, for respondent Coogan.

PATTERSON, J. This is an appeal from a judgment entered upon the report of a referee in an action brought against the mayor, aldermen, and commonalty of the city of New York, to foreclose a

lien filed by the plaintiff against a contract and moneys due or to grow due to a contractor for work to be done for the city. With the mayor, aldermen, and commonalty were joined, as defendants, the contractor for the work and his assignee, and also numerous other persons who had filed liens against the moneys referred to. It appears that about the 4th day of March, 1892, one Alfred Marsich entered into a contract with the authorities of the city of New York in the annexed district to construct a sewer and branches on Melrose avenue, from Third avenue to 154th street, and in the same avenue between 156th and 160th street, Marsich assigned this contract to one Thomas A. Coogan, and Coogan proceeded to do some work thereunder. In the answers of all the defendants who claimed liens, the facts supposed to give them the right to foreclose and to recover are pleaded. The answer of the city of New York admits that it is a municipal corporation, and the making of the contracts with Marsich, and also that 27 of the defendants filed liens upon the moneys due or to grow due under the contracts. The only other averment of the city's answer is a denial of knowledge or information sufficient to form a belief as to any of the allegations in the complaint contained, not therein before specifically admitted.

The issues were referred to a referee, who made his report, in which he allows the claims of all the lienors, plaintiff and defendants, except the defendant Fritz Bode, and it is not important to refer at large to that. In his report the referee finds (the fourth finding of his supplemental report) that there was work done by Marsich and his assignee, Coogan, under the contracts in suit, amounting to the sum of $14,036.34, and that there were sufficient moneys due and owing from the city of New York to said contractor Marsich and Coogan, his assignee, at the time of filing the liens in suit, to fully satisfy the same. How the referee could have reached this conclusion it is impossible to understand from the proofs as they are presented to us. The parties have stipulated, and the referee has certified, that the case on appeal contains "all the evidence taken upon the trial on the question involved in the appeal," which must, of course, relate to the question of fact, and that question of fact necessarily is: What was the amount, if anything, due to the contractor at the times the lien of the plaintiff and the other lienors were filed? The city of New York had denied in its answer any indebtedness to the contractor, for its general denial was sufficient for that purpose (Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388); and it was for the lienor to show that money was due to the contractor under the contracts for building the sewers (Beardsley v. Cook, 143 N. Y. 144, 38 N. E. 109). The referee's finding upon this subject is simply unintelligible. An employé of the comptroller's office was called to the stand as a witness.. It appears that he produced from the comptroller's office a statement which had been transmitted to that office by the street commissioner of the annexed district, and from which statement it was shown that on one of the contracts there was a balance in favor of the contractor of $762.95, and on the other an indebtedness to the city for $2,335.31;

and yet, as the result of this statement, for some mysterious reason, the referee found that the city was in possession of enough money of the contractors to pay the aggregate of all the liens set up in the complaint, and in the answers of the several lienors. This is sufficient to dispose of the whole case, and to show that there is no foundation whatever in the evidence for the report the referee made. It does not appear that the referee reached the result by excluding from the statement matters charged by the city against the contractor for liquidated damages not claimed in the city's answer. We cannot learn from this record upon what theory the referee based his findings. He made two reports, in the first of which he shows conclusively that the contractors owed the city, as the ultimate result of both contracts, a large balance; and, notwithstanding that indebtedness of the contractors to the city, he proceeded to give to each lienor the full amount of his claim. In the second report, he simply reaffirms all of his findings in the first report, except such as are changed or modified in the second report, and then finds that the work was done under the contract by Marsich and his assignee, amounting to $14,036.34, and there was sufficient moneys due and owing from the city on the contracts at the time of the filing of the liens to fully satisfy the same. He does not do away with his findings in the first report that a net product to the contractors is an indebtedness by them to the city.

There is absolutely no evidence in the case to justify the finding as to there being moneys due the contractors from which the liens could be paid, and therefore, without referring to the many other errors which are conspicuous in the record, the judgment must be reversed, and a new trial ordered before another referee, to be appointed by the order entered upon this decision, with costs to the appellant to abide the event. All concur.