Morris F. Brainard and Elijah Brainard, Plaintiffs, *v.* The
County of Kings, The County of Queens, Defendants;
Casper W. Dean and John A. Westbrook, Respondents,
et al., Defendants.

1. Mechanics' Lien — Lien on Amount due Sub-contractor — Failure to Finish Contract. A lien for labor and materials furnished a sub-contractor who failed to complete his contract, does not attach to unpaid installments of the contract price which it was expressly provided should not be due until after the completion and acceptance of the work, or to an installment of the price which had not become payable because it had not been included in a statement by the engineer.

2. Burden on Lienor to Show Sum Due. The onus is upon lienors furnishing labor and materials to a sub-contractor who failed to complete his contract, to show that there is a sum due, or to become due, on which their liens will attach; and it cannot be presumed that the work was completed for the balance of the contract price.

*Brainard* v. *County of Kings*, 84 Hun, 290, affirmed.

(Argued March 25, 1898; decided April 19, 1898.)

Appeals by the defendants Thomas W. Kiley & Co.,
Graves & Steers and Joseph Edwards & Co., from an order
of the late General Term of the Supreme Court in the second
judicial department, made February 20, 1895, reversing a
judgment of the Special Term in favor of the several appel-
lants and granting a new trial as to them.

This action was brought to foreclose mechanics' liens, filed
by the plaintiffs and the defendant lienors against moneys
claimed to be due for materials furnished by them to sub-con-
tractors performing a portion of the work under the princi-
pal contract between the counties of Kings and Queens as
owners, and the defendants Dean & Westbrook as contractors.

The facts, so far as material, are stated in the opinion.

*Horace Secor, Jr.*, for Thos. W. Kiley & Co. et al., appel-
lants. The lien is on moneys in control of the counties, due
or to grow due the contractors, under their contract for the
erection of the bridge. (L. 1878, ch. 315, §§ 1, 5 ; L. 1892,

ch. 629; *French v. Bauer,* 134 N. Y. 548; *Kenney* v. *Apgar,* 93 N. Y. 539; *Morgan* v. *Stevens,* 6 Abb. [N. C.] 356; *Williamson* v. *Hendricks,* 10 Abb. Pr. 98; *M. & T. Nat. Bank* v. *Mayor, etc.,* 58 How. Pr. 207; 27 Hun, 467.) The General Term erred in holding, in effect, that the onus was on the lienors to prove that Dean & Westbrook completed Cregin's contract for less than the balance of the contract price in order to obtain liens on the $9,164.16, instead of holding that Dean & Westbrook were bound to prove that it cost more to complete the contract than the balance of the contract price, and if so, how much more. (*Smith* v. *Ferris,* 1 Daly, 18; *N. Mfg. Co.* v. *Stephens,* 127 N. Y. 602; *Foshay* v. *Robinson,* 137 N. Y. 134; *Kelly* v. *Bloomingdale,* 139 N. Y. 343; *Ogden* v. *Alexander,* 140 N. Y. 356; *Bliss* v. *Sickles,* 142 N. Y. 647; *N. Y. C. & H. R. R. R. Co.* v. *City of Rochester,* 127 N. Y. 591; *Thayer* v. *Marsh,* 75 N. Y. 340; *Todd* v. *Nelson,* 109 N. Y. 324.) Where a building contract requires that all claims or liens shall be discharged before payment of the final installment, claimants or lienors are entitled to payment. (*M. & T. Nat. Bank* v. *Mayor, etc.,* 58 How. Pr. 207; 27 Hun, 467; *Murphy* v. *B. Nat. Bank,* 30 Hun, 40; *Bates* v. *Trustees, etc.,* 7 Misc. Rep. 609; *Quinlan* v. *Russell,* 94 N. Y. 350; *Kelly* v. *Bloomingdale,* 139 N. Y. 343.) The counties of Kings and Queens are in control of an ample sum due the contractors Dean & Westbrook, which is subject to the liens filed for materials, etc., furnished to Cregins, sub-contractors, to the extent of $9,164.16 (or really $10,484.16), due from Dean & Westbrook to Cregins. (*Dayton* v. *Parke,* 142 N. Y. 391.) The court properly gave these appellants, Graves & Steers and Jos. Edwards & Co., priority over the Drake & Stratton Company, which did not appeal, for the reason that the assignment was collusive, without the request of Cregins, and with intent to give said company an advantage over other claimants against Cregins. (*Lauer* v. *Dunn,* 115 N. Y. 405; *Gibson* v. *Lenane,* 94 N. Y. 183; *Williams* v. *Ingersoll,* 89 N. Y. 508.) There being sufficient funds due from the counties to Dean & Westbrook,

to pay the Drake & Stratton Company (which company has not appealed), the amount due it under said assignment, after the payment of all liens against said $9,164.16, the fund due from the counties should be marshaled so as to secure such payment. (1 Story's Eq. Juris. § 633; *Hamilton* v. *Schwehr,* 34 Md. 107; *Kenney* v. *Apgar,* 93 N. Y. 539.) By such voluntary assignment, made without any request from Cregins, and without any liability, Dean & Westbrook acquired no right to recoup the amount so assigned out of the $9,164.16 due Cregins, and no recoupment was asked. (*Nat. Bank of B. S.* v. *Bd. Suprs.,* 106 N. Y. 488; *City of Albany* v. *McNamara,* 117 N. Y. 168.) The claim of Jos. Edwards & Co. is for less than $500; but the amount in controversy is the fund of $9,164.16. The right of Jos. Edwards & Co. to appeal to this court is, therefore, complete. (*Powers* v. *City of Yonkers,* 114 N. Y. 145; 1 Ency. of Pl. & Pr. 721.)

*Cornelius O'Connor* for Thos. W. Kiley & Co., appellant. If anything is due to the contractor when the lien is filed it attaches to that extent. (*Van Clief* v. *Van Vechten,* 130 N. Y. 571; *Foshay* v. *Robinson,* 137 N. Y. 134; *Campbell.* v. *Coon,* 149 N. Y. 561; *Kelly* v. *Bloomingdale,* 139 N. Y. 347; *Ogden* v. *Alexander,* 140 N. Y. 356.)

*L. Laflin Kellogg* and *Alfred C. Petté* for respondents. It was conclusively established by the evidence in this case that the sub-contractors wholly failed to complete and carry out the terms of their contract, and that the same was completed for and on their account by the defendants Dean & Westbrook. (*Graf* v. *Cunningham,* 109 N. Y. 369.) The burden was upon the lienors to show an amount due against which their liens could attach. No proof having been offered by them showing that the cost of completion was less than the contract price, and there being no finding by the trial court as to that fact, there can be no recovery by the lienors in this action. (*Van Clief* v. *Van Vechten,* 130 N. Y. 571; *Beardsley* v. *Cook,* 143 N. Y. 143; *Smyth* v. *Marsich,* 4

App. Div. 171.) The lienors are not entitled to recover in any event, because the uncontradicted evidence offered by the contractors, Dean & Westbrook, shows that the cost of completion of the sub-contract largely exceeded the contract price. (*Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Kelly* v. *Bloomingdale*, 139 N. Y. 343; *McChesney* v. *City of Syracuse*, 22 N. Y. Supp. 507; *Weisemair* v. *City of Buffalo*, 57 Hun, 48; *Lohmer* v. *Meeker*, 25 N. Y. 361.) Even if the sub-contract had not been completed for and on account of the sub-contractors, there could be no recovery in this action, because the evidence conclusively shows that there was nothing due to the contractors at the time of the stoppage of the work nor at the time of the filing of the liens, and that nothing subsequently became due thereunder. (*Foshay* v. *Robinson*, 137 N. Y. 134; *Larkin* v. *McMullin*, 120 N. Y. 206; *Hollister* v. *Mott*, 132 N. Y. 18; *Kelly* v. *Bloomingdale*, 139 N. Y. 343.) The lienors cannot sustain their right to recover upon the claim that the contract was rescinded. (*Battle* v. *R. C. Bank*, 3 N. Y. 88; *DePeyster* v. *Pulver*, 3 Barb. 284.) The lien of Kiley & Co. is illegal and void, because the action was not commenced within ninety days after the filing of the lien. (L. 1878, ch. 315, §§ 4, 13; L. 1892, ch. 629; *Henry* v. *Lynch*, 1 N. Y. Supp. 780; *Bowes* v. *N. Y. C. Home*, 64 How. Pr. 509; Code Civ. Pro. § 399.)

Haight, J. The judgment of the Special Term established certain mechanics' liens in favor of various lienors, including those of the appellants.

On the 16th day of September, 1892, Dean & Westbrook entered into a contract with the counties of Kings and Queens to remove the old bridge and to erect a new bridge over Newtown creek for the sum of $94,850, of which eighty per cent was payable in monthly installments as the work progressed, upon the certificate of the engineer, the balance of twenty per cent being payable thirty days after the completion of the work and the acceptance by the engineer and the bridge committee of the finished structure.

On the 26th day of September thereafter, Dean & West-brook sub-contracted a part of the work to C. A. & T. Cregin for the sum of $49,033, payable in installments in like manner and with the same reservations as those embraced in the con-tract between Dean & Westbrook and the counties. The Cre-gins entered upon the performance of their contract, and con-tinued work upon the structure until the 13th day of April, 1893, at which time they addressed Dean & Westbrook the following letter: " Dear Sirs: You are hereby authorized to take charge of work we have been doing under our contract to build bridge at Meeker avenue, Brooklyn, and complete the same for our account. We do not waive, by this provision, our rights under the original contract or any extra work accru-ing from same. We to receive one-half of the profits accru-ing on such extra work. Yours truly, C. A. & T. Cregin." Thereupon Dean & Westbrook finished the work described in the contract. The appellants are lienors, having furnished labor and materials to the Cregins, and, as such, are entitled to maintain their liens and to be paid out of any sum that shall be found to be owing from Dean & Westbrook to the Cregins.

At the time of the surrender of the contract by the Cregins to Dean & Westbrook, the engineer had given certificates of work performed amounting to the sum of $30,820.80, of which eighty per cent had been paid amounting to $24,656.64; the remaining twenty per cent amounted to $6,164.16. They had also performed work upon the bridge amounting to $3,000 which had not been included in the monthly certificates of the engineer, which sum, with the twenty per cent remaining unpaid, amounted to the sum of $9,164.16. The appellants claim that this sum was due and owing at the time the Cre-gins surrendered their contract, and that their liens attached thereto and that they are now entitled to be paid out of that fund. The trial court has so held. The General Term, in reversing the judgment, has not stated that the reversal was upon the facts, and we consequently are required to assume that the reversal was upon the law. (Code Civ. Pro. § 1338.)

But where a finding has been made without any evidence tending to support it, it is deemed a ruling upon a question of law. (Code Civ. Pro. § 993.) The finding that these sums were due the Cregins at the time of their surrender of the contract cannot be sustained. As to the twenty per cent, amounting to the sum of $6,164.16, it is expressly provided in the written contract that the same shall not be due and payable until thirty days after the completion of the work and the acceptance by the engineer and the bridge committee of the finished structure. As to the other item of $3,000, it was also expressly provided that payments should be made upon monthly estimates based upon quantities estimated by the engineer in charge of the work, and then but eighty per cent became payable upon such estimates. This item had not been included in a monthly statement by the engineer, and, therefore, had not become due and payable. It, therefore, follows that, so far as this finding is concerned, the General Term properly reversed upon the law.

It is now contended that the presumption is that Dean & Westbrook completed the contract for the balance of the contract price, and that the $9,164.16 still remains upon which the liens of the appellants' claims attach. Upon the trial, evidence was given on behalf of Dean & Westbrook to the effect that the completion of the contract absorbed not only the balance of the contract price, but the $9,164.16, which it is claimed that the Cregins had earned prior to its surrender. Dean & Westbrook undoubtedly undertook the completion of the contract for and on account of the Cregins, and if there is any surplus left it, doubtless, should be applied upon the claims of the appellants, but was there any surplus? They say there was not. The trial court says their testimony should not be credited, but no evidence has been submitted tending to show that there was a surplus. We are asked, therefore, to assume that the contract was completed for the balance of the contract price, leaving the $9,164.16 to be applied upon the appellants' claims. We do not believe that we have the right to indulge such a presumption. As we understand the rule,

the *onus* is upon the lienors to show that there is a sum due or to become due on which their liens will attach. We have carefully examined the authorities to which the appellants call attention, and we find none that have any application to the question under consideration. In the case of *Van Clief* v. *Van Vechten* (130 N. Y. 571, 577) we held that mechanics' liens filed by sub-contractors or materialmen attach to the *locus in quo.*

"1. If anything is due to the contractor, pursuant to the terms of the contract, when the lien is filed, it attaches to that extent.

"2. If nothing is due to the contractor according to the contract, when the lien is filed, but a certain amount subsequently becomes due thereunder, the lien attaches to the extent of that sum.

"3. If nothing is due to the contractor pursuant to the contract, when the lien is filed and he abandons the undertaking without just cause, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed." VANN, J., in delivering the opinion of the court, says : "The first question presented for decision is whether there was anything due from the owner to the contractor, according to the terms of the contract, when the lien was filed. This depends on whether there is any evidence to support the finding of the referee."

In *Beardsley* v. *Cook* (143 N. Y. 143) O'BRIEN, J., in delivering the opinion of the court, says : "The plaintiff was bound to show that an amount or portion of the contract price, which the defendant had stipulated to pay for the erection of the houses equal to his claim or to the recovery, still remained in his hands over and above what he had expended to complete them, and which was applicable to the payment of the order." In *Leiegne* v. *Schwarzler* (10 Daly, 547, 552) it was held that the complaint must allege the amount due by the owner to the contractor in an action brought to enforce a

lien. In *Smyth* v. *Marsich* (4 App. Div. 171) it was held that the burden rests upon the lienor to show that money was due to the contractor. In *Keavey* v. *De Rago* (20 Misc. Rep. 105) it was held that the plaintiff must prove that there was an amount due the contractor, and that the lien depends for its validity upon the owner's indebtedness. In *Lemieux* v. *English* (19 Misc. Rep. 545) it was held that it was necessary to prove not only that the contractor was indebted to the plaintiff but also that there was due and owing to the contractor, or that there thereafter accrued to him from the owner, a sum applicable to the satisfaction of the debt to the plaintiff. And to the same effect are *Scerbo* v. *Smith* (16 Misc. Rep. 102); *Beecher* v. *Schuback* (1 App. Div. 359).

The order appealed from should be affirmed and judgment absolute ordered against the appellants, with costs.

All concur.

Order affirmed, etc. _____