(112 App. Div. 347)

MARTIN v. FLAHIVE et al.

(Supreme Court, Appellate Division, Second Department. April 27, 1906.)

1. MECHANIC'S LIEN—MATERIALMAN'S LIEN—LIABILITY OF PRINCIPAL CONTRACTOR.

Where a principal contractor on a default of a subcontractor undertook with the consent of the owner and a materialman, who had furnished materials to the subcontractor, to complete the work, the right of the materialman to claim a lien on the money coming due under the contract from the principal contractor to the subcontractor continued as if the subcontractor had completed his contract.

2. SAME.

A principal contractor on the default of a subcontractor undertook, with the consent of the owner and a materialman who had furnished materials to the subcontractor, to complete the work. The principal contractor failed to complete the work, and the owner did so. *Held*, that the lien of the materialman for materials furnished was not affected.

3. SAME—NOTICE OF LIEN—SUFFICIENCY.

A materialman furnished materials to a subcontractor, who failed to complete his contract. It was agreed that the principal contractor should complete it, and on his failure to do so the owner completed it. The notice of the lien filed by the materialman was in terms under the subcontractor's contract, and against him as subcontractor, and did not allege that the principal contractor undertook to complete the contract, or that on his default the owner completed it. *Held*, that the notice was sufficient; it being immaterial who completed the contract.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 241.]

4. SAME—ACTION TO ENFORCE MECHANIC'S LIEN—COMPLAINT—SUFFICIENCY.

A complaint in an action to enforce the lien of a materialman furnishing materials to a subcontractor, who defaulted, alleged the default of the subcontractor, and that the principal contractor agreed to and did complete the contract, and did not allege that the principal contractor also defaulted, and that the owner completed the work. *Held*, that the complaint was sufficient; the essential fact to be alleged being that the work was completed.

5. PLEADING—AMENDMENT—AUTHORITY OF COURT.

The trial judge has power to amend a complaint at the end of the trial to conform to the evidence.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig Pleading, §§ 664–669.]

98 N.Y.S.—37

**6. MECHANIC'S LIEN—DEFAULT OF SUBCONTRACTOR—LIABILITY OF PRINCIPAL CONTRACTOR—COMPLETING THE CONTRACT.**

A materialman furnished materials to a subcontractor, who defaulted. Thereupon the principal contractor agreed to complete the work. *Held*, that the principal contractor did not thereby make himself personally liable for the claim for the materials; the only effect of his undertaking being to preserve the right of the materialman to claim a lien to the extent of any overplus remaining of the subcontractor's contract price after deducting the cost of completion.

**7. CONTRACTS—CONSIDERATION.**

A materialman furnished materials to a subcontractor, who defaulted. The principal contractor thereupon undertook to perform the contract. The principal contractor assured the materialman that he would get his pay. *Held*, not to show a contract on the part of the principal contractor to pay, but only a promise made without consideration.

**8. MECHANIC'S LIEN—BURDEN OF PROOF.**

Where a materialman, who furnished materials to a subcontractor making a default in his contract, sought to enforce his lien against the principal contractor, who undertook to complete the contract, and the owner, who was obliged to complete it on default made by the principal contractor, the materialman has the burden of showing the actual cost of completing the contract.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Mechanics' Liens, § 556.]

Appeal from Special Term, Orange County.

Action to foreclose a lien by James G. Martin against Patrick J. Flahive and others. From a judgment for plaintiff, and from an order to conform the complaint to the proof, defendants Patrick J. Flahive and Edgar E. Krowl appeal. Conditionally reversed.

The appellants contracted with the state commission in lunacy to do building work at the State Hospital at Middletown for $14,190.

Lovely subcontracted with the appellants to furnish part of the materials and do part of the work called for by their contract for $4,200. He entered upon the execution of his contract and purchased material therefor of the plaintiff of the value of $1,893.45, and it was all delivered at the work. He defaulted on his contract. He had then used about one half of the material furnished by the plaintiff and the other half lay at the work.

Thereupon the state architect in charge, the appellants, the plaintiff, and Ketcham, whom Lovely also owed $374 for material, met, and it was figured up by the architect that after deducting the indebtedness of Lovely for material, and the amount he had been paid on his contract, there yet remained an unexpended balance thereunder of $500. The appellants were then asked by the architect if they would complete the said contract. They said they would and proceeded with the work. It was stated at such meeting that they were to use the material of Lovely on the ground, including that of the plaintiff, and they did so. The arrangement was assented to all round.

The appellants afterwards defaulted on their contract, and the said commission completed it, there being at the end a balance in their favor of $4,428.59, now in the hands of the treasurer of the said hospital, who is a defendant here as stakeholder. Lovely is also a defendant, but these appellants alone answered, except another defendant who did not litigate.

The appellants filed a lien for their claim after the work was all completed by the commission, and this suit is to foreclose such lien.

Other facts are in the opinion.

Argued before HIRSCHBERG, P. J., and WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Michael Danaher, for appellants.
Geo. H. Decker, for respondent.

GAYNOR, J. The appellants by undertaking with the consent of all concerned to complete Lovely's defaulted contract with them on his account, continued the right of lien which the plaintiff had on the money to come due under such contract the same as if Lovely had continued and completed it. They thereby kept their contract price with Lovely a separate fund and subject to the plaintiff's lien against it, to the extent of any unexpended balance of it remaining after the work to be done by Lovely had been completed by them. The legal effect was the same as if there were a clause in the contract giving them a right to complete, and they acted under it. Their position was the same as that of an assignee of Lovely's contract, or if his bondsman for the performance of his contract if he had stepped in to complete it. Harley v. Mapes Reeves Construction Co., 33 Misc. Rep. 626, 68 N. Y. Supp. 191; Smith v. Lange, 81 App. Div. 192, 80 N. Y. Supp. 1078; Wheeler v. Scofield, 67 N. Y. 311; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017. The fact that they afterwards defaulted on their contract with the state commission in lunacy does not change the case, for the latter under a provision in the said contract also elected to and did complete such contract on their (the appellants') account, including the work they left undone on Lovely's contract, and has in its hands an overplus for the appellants or any intervening lienor who is entitled to it of $4,428.52.

The notice of lien is in terms under the Lovely contract, and against him as subcontractor. It does not allege that he defaulted and that the appellants undertook to complete his contract on his account, or that they defaulted and the commission in lunacy completed their contract on their account. Nevertheless it suffices. If it had been filed before Lovely defaulted and the appellants had undertaken to complete his defaulted contract on his account it would have been good as against any and all successors to Lovely, and I do not see how the filing of it after the work had all been completed by the appellants and the commission makes a different case. It is good evidence against Lovely's successors; they stand in his shoes. It is in terms under Lovely's contract with the appellants, and it does not matter who carried that contract out.

The amended complaint alleges the default of Lovely, and that the appellants agreed to and did complete his contract. It does not allege that they also defaulted and that the commission completed on their account, but that was not necessary. It matters not whether he or his immediate or remote successor completed it; the essential fact to be alleged was that it was completed.

The appeal from the order amending the complaint at the end of the trial to conform to the evidence by making it allege the agreement by which the appellants completed Lovely's defaulted contract is without foundation. The trial judge had power to do it, and if he had not done it, it could have been done here, if necessary to uphold the judgment, as is too well known among us to call for the citation of authority.

There is a trouble with this judgment, however. It is for the plaintiff's full claim of $1,893.45. This is based on a finding of fact that the appellants agreed to pay to the plaintiff the amount due to him from

Lovely, and a conclusion of law that that sum is due from the appellants to the plaintiff. There is no evidence to support such finding. By stepping in and completing Lovely's defaulted contract on his account the appellants did not make themselves liable personally for the claims against him for material or work; the only effect in law was to preserve the right of lienors in respect of such claims to the extent of any overplus remaining of Lovely's contract price after deducting the cost of completion. If in agreeing to complete such contract they had told the plaintiff, as is claimed, that they would pay his claim, that would not have been a binding promise, for there was no consideration for it. The only evidence on that head is by the plaintiff and Lovely at the very end, as if by afterthought. That of Lovely is that after the appellants had agreed to complete his contract, at the interview of all of them with the state architect where that arrangement was made, one of the appellants said to the plaintiff: "You may not feel uneasy because we will pay you in full"; and the plaintiff says the statement was that "I could rest assured I would get my money, and that he would pay me." This was no contract to pay, but only a naked promise, if it was made at all. The three disinterested witnesses present make no mention of it.

The judgment can therefore be justified only if after the completion of Lovely's contract by the appellants there was an unexpended balance of the contract price of $4,200 sufficient to pay the plaintiff in full. But there is no finding of the actual cost of completion, or of any such balance.

When the appellants, and after them the commission, undertook to complete, they became the trustees therein of all concerned, and had to render an account of all expenditures under their trust on demand, which account would bind all unless excepted to and impeached. The burden of proof was on the plaintiff to show the actual cost of completion. Beecher v. Schuback, 1 App. Div. 359, 37 N. Y. Supp. 325. The plaintiff gave no evidence of such cost. The appellants rendered no account, but proved by two witnesses that they paid $1,699.30 for labor, $324.87 for material, $111.78 for board for workmen, and that the commission paid $131.03 for work. If these items be added to the sum of $1,874.45, paid by the appellants to Lovely before he defaulted, we have a total of $4,141.43, and if this be taken from the contract price of $4,200, there remains a balance of only $58.57. The plaintiff in no way impeached these items. Lovely testified that in his judgment the contract could have been completed for $500, but this evidence was not permissible and is of no probative force. It was not a question for opinion evidence, but of the actual amounts necessarily expended by the trustees to complete the contract. Lovely had already sworn that when he defaulted "about three-fourths of my work was not done." The finding of fact that his contract was nearly completed when he defaulted rests on no evidence whatever.

Unless the plaintiff consents to reduce the amount of his judgment to $58.57, the judgment will have to be reversed and the case sent back. If it go back it is by no means meant that the parties are obliged to rub all of the evidence out and take it over again, and pay a stenographer

for it, and also for the printing of it, a second time. On the contrary, only additional evidence is needed, if there be any, to show what the actual cost of completion was, and the parties may consent to that course.

The judgment is reversed and a new trial granted, unless the plaintiff consents to reduce it to $58.57; the order is affirmed.

Judgment reversed and new trial granted, costs to abide the final award of costs, unless the plaintiff stipulate within 20 days to reduce the recovery to $58.57, in which event the judgment is affirmed as so reduced, without costs. Order affirmed without costs. All concur.