can be sustained. The only evidence to sustain plaintiff's claim it the report of the commissioners after the appeal, and the order confirming that report. These documents are not admissible in evidence to conclude the defendants, because the latter were not made parties to the appeal or to the subsequent proceedings, and had no opportunity to be heard before the commissioners upon the question of the redistribution of the award. Upon the plainest principles, the defendants are not to be concluded by a final order resulting from a proceeding of which they had no notice, and in which they had no opportunity to participate. Their action should have been against their attorney for negligence in not making defendants parties to the appeal.

The judgment must be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.

---

(112 App. Div. 670.)

### MURPHY v. HARDIMAN et al.

(Supreme Court, Appellate Division, Fourth Department. May 2, 1906.)

1. MECHANICS' LIENS—FORECLOSURE—PLEADINGS—EVIDENCE.

Where the complaint in an action to foreclose a mechanic's lien did not allege that the contractor had promised to pay a subcontractor's indebtedness to his workmen, nor were any facts alleged on which to base a finding of such a promise, evidence of such a promise was inadmissible.

2. FRAUDS, STATUTE OF—PROMISE TO PAY DEBT OF ANOTHER.

A promise without consideration by a contractor to pay a subcontractor's indebtedness to his workmen was void, as a promise to pay the debt of another.

3. MECHANICS' LIENS—ABANDONMENT OF CONTRACT.

Under Laws 1897, p. 516, c. 418, § 4, which provides that if labor is performed for or materials furnished to a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned, where a subcontractor had abandoned his contract, and his workmen had filed liens if the difference between the cost of completion and the amount unpaid to the subcontractor at the time the notices of lien were filed was less than the amount unpaid to him upon his contract so that there is something earned by him on his contract the liens will attach.

4. SAME—PERSONAL JUDGMENT.

Under the express provisions of Code Civ. Proc. § 3412, a personal judgment can be recovered against the contractor in an action to enforce a mechanic's lien only in case plaintiff fails to establish a valid lien.

Appeal from Special Term, Jefferson County.

Action by George Murphy against John Hardiman and others. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

John Conboy, for appellant John Hardiman.
John B. Muzzy, for appellant city of Watertown.
Breen & Breen, for respondent.

NASH, J. The action was brought for the foreclosure of several mechanic's liens filed by the plaintiff and his assignors for work and

labor upon a new high school building built or in process of construction for the city of Watertown by the defendant Hardiman. The judgment decrees that the liens are valid against the funds held by the city of Watertown applicable to the construction of the high school building at the time of the commencement of the action, and judgment is also entered against the defendant John Hardiman for the amount of the liens, with costs against him personally. The defendant the city of Watertown, through its board of education, and John Hardiman entered into a contract, on October 3, 1901, for the erection of a new high school building, on Sterling street, for the sum of $67,839. The contract contained the condition that 80 per cent. of the contract price should be advanced by the city at certain stages of the work, and the balance retained by it until 60 days after the final completion of the building, and its acceptance by the city. On March 26, 1903, the defendant Hardiman sublet a portion of the carpenter work to Andrew Fennan, for the sum of $2,400; 80 per cent. of which was to be advanced as the work progressed, and the balance upon the completion of the contract. Fennan hired the plaintiff and the plaintiff's assignors as foremen and carpenters to perform the work under his contract. They worked until October 26, 1903. Hardiman at that time had advanced to Fennan upon the contract, $2,051.15. That sum exceeded the 80 per cent. which the contract provided should be advanced as the work progressed. At that time there was one week's pay amounting to $180.86, due from Fennan to the plaintiff and his assignors. Fennan applied to Hardiman for money to pay the plaintiff and said assignors. Hardiman refused to advance the money, upon the ground that he had overpaid Fennan upon his contract. Fennan thereupon adandoned the work, leaving his contract about two-thirds completed. The finding of the court below is that Hardiman promised and agreed with Fennan to pay Fennan's indebtedness to his men, but afterwards, and on the same day, declined because of differences arising between Hardiman and the men as to their continuance of the work.

The court below also found as follows:

"Twelfth. That the defendant Hardiman failed to live up to the terms of the contract with the defendant Fennan, in that the said Hardiman did not keep the men under the defendant Fennan's employ supplied with materials with which to perform the work which said Fennan was to perform; that the defendant Fennan had a claim against the defendant Hardiman for some extra work which Fennan performed for Hardiman outside of the work to be performed under said contract between Hardiman and Fennan; and both of which claims were, as understood by both parties, released upon the defendant Hardiman agreeing to pay the men the wages for which they subsequently filed the liens in question."

The complaint does not contain any allegations relative to the non-performance of the contract by either Hardiman or Fennan, or to a release by one to the other of any claim of nonperformance of the contract, and is entirely silent upon the subject-matter of said twelfth finding. There is no evidence in the record to sustain said finding. The complaint does not allege that Hardiman promised to pay Fennan's indebtedness to his workmen, nor are there any facts alleged in the complaint upon which to base a finding of any such promise, or for a personal judgment against the defendant Hardiman, and no demand

is made in the complaint for a personal judgment against him. The evidence of a promise by Hardiman to pay Fennan's part indebtedness to his workmen, when offered upon the trial, was objected to as incompetent under the pleadings, and was received under exception. It was error to receive the evidence, and the promise, if made, was void as being without consideration, and as a promise to pay the debt of another, void by the statute of frauds.

The complaint alleges that at the time of filing the notices of lien by the plaintiff and his assignors, Hardiman had so far completed his contract as to entitle him to the payment of $60,000 by the city of Watertown, and that at the time of the commencement of the action there remained in the possession of the city the sum of $800 which the city was to retain until the completion of the building and its acceptance by the city. It appears that at the time of the trial the building was then substantially completed, and that Hardiman had been paid the further sum of $4,000. In Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017, it was held that under the mechanics' lien law of 1885, if a contractor abandoned the contract, and the owner completed the building in accordance with and under a provision of the contract providing for it, the lien attached to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed. This lien is embodied in the lien law of 1897, chapter 418, p. 516, Laws 1897, § 4, which in giving the lien provides that "if labor is performed for or materials furnished to, a contractor or subcontractor for an improvement, the lien shall not be for a sum greater than the sum earned and unpaid on the contract at the time of filing the notice of lien, and any sum subsequently earned thereon." If the difference between the cost of completion and the amount unpaid to Fennan at the time the notices of lien were filed was less than the amount unpaid to him upon his contract, so that there is something earned by Fennan upon his contract, the liens will attach thereto. The judgment establishing the liens should be modified accordingly, and, as so modified, affirmed; and adjudging further, that the amount, if any, earned by Fennan upon his contract, be ascertained by the court and entered at the foot of the decree.

The personal judgment against Hardiman is erroneous upon the grounds already stated: First, that at the time of the filing of the liens there was nothing due to Fennan upon his contract; second, that the proof of the alleged promise of Hardiman to pay the indebtedness of Fennan to his employés, was not within the issues, and the promise, if made, was without consideration, and, as a promise to pay Fennan's past indebtedness, void, within the statute of frauds. And, also, that under section 3412, of the Code of Civil Procedure, a personal judgment can be recovered by the plaintiff only in case he fails to establish a valid lien.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event.

SPRING, WILLIAMS, and KRUSE, JJ., vote for reversal and the granting of a new trial as to all defendants. Opinion by NASH, J., for modification and reversal in which McLENNAN, P. J., concurs.