### FINGER v. KORN.

(Supreme Court, Appellate Term.    May 17, 1910.)

CONTRACTS (§ 312*)—BREACH OF BUILDING CONTRACT—ABANDONMENT AND SUING ON QUANTUM MERUIT.

> Under a building contract providing that, if at any time there shall be evidence of any lien for which the owner might become liable and which is chargeable to the contractor, the owner could retain out of any payment due an amount sufficient to indemnify him against such lien, the filing of a lien for $300 by a subcontractor previous to the contractor's demand for $275 for work certified by the architect to be completed, justified the owner in refusing payment; and his refusal was not a breach of contract, authorizing the contractor to abandon it and sue on a quantum meruit.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 312.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Joseph Finger against Abraham Korn. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

Ira J. Ettinger, for appellant.
Isidore Hershfield, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GUY, J.   This is an appeal by defendant from a judgment rendered by the court without a jury in favor of plaintiff.   The action was brought to recover upon a quantum meruit for work, labor, and services and materials alleged to have been furnished by plaintiff to defendant in connection with alterations in defendant's building.   The pleadings were oral.   The answer, a general denial, was amended on the trial so as to set up breach of contract.   The contract, introduced in evidence by the defendant, provides as follows:

"If at any time there shall be evidence of any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim."

The contract was dated November 19, 1909, and work was begun under it November 20th.   Plaintiff obtained a certificate from defendant's architect as to work which was completed on November 27th; but it is conceded that the architect's certificate was not actually issued until November 30th.   Subsequent to obtaining the architect's certificate plaintiff demanded payment of the amount claimed to be due him, $275, which defendant refused because of the previous filing of a lien for $300 for labor performed by a subcontractor of plaintiff.   Plaintiff testified that two days later he abandoned the contract, for the reason that defendant had not paid the amount of the certificate.   Under the clause of the contract above referred to the filing of the lien justified the defendant in refusing payment, and there was no breach of contract on his part by reason of such refusal.   Martin v. Flahive, 112 App. Div. 347, 98 N. Y. Supp. 577; Murphy v. City of Watertown, 112 App. Div. 670, 99 N. Y. Supp. 6.   The plaintiff, by subsequently abandoning his contract, could not relieve himself of the obligations thereof, and sue on a quantum meruit.   On the evidence presented, the plaintiff failed to make out a cause of action.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.   All concur.