TRI-BOROUGH CONTRACTING CO. v. R. V. WECHSLER REALTY
CO. et al.

(Supreme Court, Appellate Division, Second Department.  May 29, 1914)

CONTRACTS (§ 306*)—BREACH—COMPLETION BY OTHER PARTY—LIABILITY OF
CONTRACTOR.

Where defendant, after default of a contractor, undertook to complete
the work, there was no presumption that the contract price was suffi-
cient to meet the cost of completion.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1528–1533;
Dec. Dig. § 306.*]

Appeal from Special Term, Queens County.

Action by the Tri-Borough Contracting Company against the R. V.
Wechsler Realty Company and others.  From a judgment dismissing
plaintiff's complaint, he appeals; and from a judgment dismissing the
named defendant's counterclaim, it appeals.  Judgment affirmed as to
plaintiff, and reversed, and new trial granted, as to the appealing de-
fendant.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and
RICH, JJ.

Meyer Levy, of New York City, for plaintiff.

Abraham L. Gutman, of New York City (John Frankenheimer, of
New York City, on the brief), for defendant R. V. Wechsler Realty
Co.

PER CURIAM.  This action is by contractor against owner for the
foreclosure of a mechanic's lien.  The Special Term dismissed the
plaintiff and the defendant on its counterclaim.  Both parties appeal.

.We think that the judgment should be affirmed as to the plaintiff,
and should be reversed as to the defendant.  The opinion of the learn-
ed Special Term shows that the disposition of the defendant was made
upon the ground that it "took over the job," but "finished the work
more expensively than called for by the specifications."  We think that
the evidence did not justify this conclusion.  The defendant gave proof
sufficient to establish a prima facie case on the counterclaim, and such
case was not affected by any proof adduced by the plaintiff.  There is
no presumption that the contract price was sufficient to meet the cost
of completion by the defendant.  Brainard v. County of Kings, 155 N.
Y. 538, 50 N. E. 263.  And the proper inquiry is: What was the
amount actually expended in the necessary completion of the con-
tract?  Martin v. Flahive, 112 App. Div. 347, 98 N. Y. Supp. 577; Zim-
mermann v. Jourgensen, 14 N. Y. Supp. 548.†  The court probably
checked the defendant in the full development of its case on the coun-
terclaim by a ruling in its favor which was not excepted to.

The judgment is affirmed, with costs, as to the plaintiff's cause of ac-
tion, and reversed as to the defendant's counterclaim, and a new trial
granted upon that issue; costs to abide the final award of costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Reported in full in the New York Supplement; reported as a memorandum decision
without opinion in 60 Hun, 578.