■ TIBBETTS CONTRACTING CORPORATION, Respondent, v. O & E CONTRACTING COMPANY, INC., Respondent and VIOE REALTY CORP., Appellant, et al., Defendants.— In an action in the Supreme Court, Westchester County, by plaintiff, Tibbetts Contracting Corporation, a subcontractor of the defendant O & E Contracting Company, Inc. (the general contractor retained by the owner, the defendant Vioe Realty Corp.), to foreclose the plaintiff's mechanic's lien for $30,217 on the defendant Vioe's real property, in which the defendant O & E asserted a cross claim against all the defendants to foreclose its own mechanic's lien in the sum of $30,163.27; and which action was consolidated for trial with a prior action then pending in the Supreme Court, New York County, by the said Vioe to recover damages against the said O & E for breach of contract, in which O & E asserted two counterclaims (treated at the consolidated trial as a single counterclaim or cross complaint) to recover $60,963.54 for work, labor and materials furnished under the contract and $2,750.73 damages for Vioe's alleged wrongful termination of the contract, the said defendant Vioe appeals from a judgment of the said Supreme Court, Westchester County, rendered June 10, 1963 upon the court's decision and opinion after a nonjury trial (see N. Y. L. J., May 2, 1963, p. 17, col. 6), and thereafter amended by order dated July 25, 1963, which inter alia: (a) awarded $49,000, plus interest of $12,250 and costs of $130, totaling $61,380, to the defendant O & E upon its cross complaint against said defendant Vioe; (b) awarded $30,217, plus interest of $6,647.74 and costs of $251.80, totaling $37,116.54, to the plaintiff Tibbetts against both said defendants O & E and Vioe; and (c) decreed foreclosure of the plaintiff Tibbetts' mechanic's lien, with provision for a deficiency judgment against the defendant Vioe in favor of the said plaintiff and the defendant O & E. At the trial, O & E was permitted to assert, in the Westchester County action, its counterclaim for money damages, and to withdraw its cross claim for foreclosure of its lien. At the conclusion of the trial, the court denied a motion by the plaintiff Tibbetts to amend its complaint so as to add a cause of action directly against the defendant Vioe to recover $30,217 damages for breach of contract. Nevertheless, as indicated above, the judgment: (a) is in favor of the plaintiff Tibbetts against both said defendants for said amount (plus interest and costs); (b) is in favor of the defendant O & E against defendant Vioe for $49,000 plus interest and costs; and (c) grants plaintiff foreclosure of its lien together with a deficiency judgment against defendant Vioe. None of the parties to the appeal here has questioned or complained as to the form of said judgment. By express provision, the judgment is stated to have been

made in the Westchester County action. It appears that a separate judgment has been entered in the New York County action and that an appeal therefrom has been taken to the Appellate Division of the Supreme Court in the First Judicial Department. Judgment, as amended, modified on the law and the facts, as follows: (1) By striking out its second decretal paragraph awarding $61,380 to the defendant O & E against the defendant Vioe; (2) By striking out its fourth decretal paragraph, which further pertains to such recovery by said O & E against said Vioe; (3) By striking out from its sixth decretal paragraph the following: subdivision " (c) " of subparagraph " 3rd " thereof, which provides for payment of $25,811.50 (plus interest and costs) to said O & E out of the proceeds of the sale in foreclosure; so much of subparagraph " 5th " as pertains to a deficiency judgment on the claim of said O & E and as directs such a judgment in favor of O & E against Vioe; and so much of subparagraph " 7th " as directs taxation of costs in favor of said O & E; and (4) By adding to its first decretal paragraph a provision that the counterclaim (or cross complaint for money damages) of said O & E is dismissed, with costs to defendant Vioe against defendant O & E. As so modified, the judgment, as amended, is affirmed, with costs to plaintiff against defendant Vioe; and with costs to defendant Vioe against defendant O & E. Findings of fact insofar as they are inconsistent herewith are reversed, and new findings are made as indicated herein. The denial of plaintiff's motion to amend its complaint so as to add a cause of action directly against defendant Vioe for money damages is reversed; and the motion is granted. We do not make any decision either: (1) as to the granting of the defendant O & E's motion to dismiss Vioe's complaint in the New York County action; or (2) as to the question of whether Vioe is entitled to a recovery on its complaint in that action, since the appeal from the judgment therein is not before us. In our opinion, Vioe, pursuant to article 26 (subds. f, g) and article 27 of the contract between it and O & E, terminated such contract in its entirety. We find that Vioe was justified in doing so by reason of: (1) O & E's refusal to comply with Vioe's demands that O & E resume performance of the contract; (2) O & E's concurrent removal of its equipment from the job site; and (3) its refusal to furnish a performance and payment bond. Accordingly, and on the evidence as to Vioe's damages against O & E for the latter's breach of contract, a damage award in favor of Vioe against O & E would have been justified, as by the same token a determination that Vioe owed nothing to O & E at the time plaintiff filed its notice of lien would have been justified. Therefore, at the time of the filing of plaintiff's notice of lien, no fund was in existence to which the lien could attach; hence the lien was unenforcible, at least through plaintiff's subcontract with O & E (*Van Clief* v. *Van Vechten*, 130 N. Y. 571, 577; *Brainard* v. *County of Kings*, 155 N. Y. 538, 544). Nevertheless, we have concluded that, in order to prevent the unjust enrichment of the defendant Vioe, the plaintiff is entitled to the foreclosure relief, or (on the cause of action which we have herewith permitted to be added) to a money judgment against Vioe, on the doctrine of quasi contract or constructive contract implied in law, for the work done and materials supplied by plaintiff under its subcontract with O & E. We have reached this conclusion on the basis of our finding that Vioe permitted the plaintiff to continue to perform under its subcontract and, indeed, fostered and promoted such performance by the plaintiff (*Grombach Prods.* v. *Waring*, 293 N. Y. 609, 615, mot. for rearg. den. 294 N. Y. 697; *Miller* v. *Schloss*, 218 N. Y. 400, 406–408; *Oursler* v. *Armstrong*, 10 N Y 2d 385; 12 Am. Jur, Contracts, § 6; 58 Am. Jur., Work and Labor, § 2; 1 Williston, Contracts [3d ed.], §§ 3, 3A). Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.