HARDIMAN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 12, 1897.)

1. CONTRACT BY CITY—ACTION.

Plaintiff was employed, under a contract made pursuant to a resolution of the common council of New York City, to build a certain board fence for the city, at an agreed price per lineal foot. When he had nearly completed the work, he was stopped by order of the department of public works. More than a year later he was directed to proceed with the work. In the meantime it appeared that the portion already completed had been destroyed. He then refused to do the work, and brought this action to recover the value of what he had done. *Held*, that he could maintain the action.

2. SAME—CERTIFICATE OF COMPLETION.

No certificate of completion of the work was required to enable the plaintiff to recover.

3. SAME—CERTIFICATE OF AUTHORIZATION.
    No certificate as to the necessity for the work and its due authorization was required, under Consol. Act, § 64.
4. SAME—MEASURE OF RECOVERY.
    Where one is prevented by the action of a person with whom he has contracted from completing the work he has agreed to do, he may recover the value of the work actually done, at the contract price.
5. EVIDENCE—LETTERS OF DECEDENT.
    The mere fact that a letter written by a deceased person formerly in the employ of the city, comes from the files of the department of public works, does not render it admissible in evidence in an action against the city.

Appeal from trial term.

Action by Patrick Hardiman against the mayor, aldermen, and commonalty of the city of New York. Judgment for plaintiff, and from an order denying a new trial defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Robert S. Barlow, for appellant.
Richard T. Green, for respondent.

RUMSEY, J. On the 5th of December, 1893, the common council passed a resolution directing a tight board fence to be erected around certain lots at the corner of 113th street and the Boulevard. A contract to do the work was made with the plaintiff, by which he was to receive the sum of 39 cents a lineal foot for doing it, amounting in all to the sum of $229.69. He began work early in January, and had completed a large portion when, by the order of the city officials, he was directed to go no further with it. Thereupon he stopped the work. At that time he had dug the post holes, and set the posts, and put on a large portion of the bottom boards of the fence. Upon being directed to go no further with the work, he took away the loose material which he had brought to complete the job, leaving the work which he had done in the situation in which it was when he was told to stop. Something over a year after the work had been suspended, he was directed to go on with it; but, upon going to the place where it had been done, he found that everything which he had done had been taken away, the posts pulled out, the post holes filled, and all his material gone. He thereupon declined to go any further with the work, and made a claim against the city for what he had done, and, that being rejected, he brought this action.

There is no question upon the evidence but that the work was stopped by the order of the department of public works, and that the plaintiff was refused permission to go on with it for over a year. At that time he had completed from three-fourths to seven-eighths of the work. He was not obliged more than a year afterwards, when he was called upon to resume this contract, to commence at the beginning, and do the work all over again which had been destroyed because of the delay caused by the officers of the defendant. He was at liberty then, as he might have been at any time after the work was stopped, to bring an action for what he had done under the contract. Where one is prevented by the action of a person with whom he has contracted from doing the work which he agrees to do, he is at liberty

to bring an action upon his contract, and may recover the value of. what he has done. Jones v. Judd, 4 N. Y. 411; Heine v. Meyer, 61 N. Y. 171. The measure of damages in such a case is the value of the work actually done at the contract price. Cases cited above. No certificate was necessary to enable the plaintiff to recover in the action. Devlin v. Railroad Co., 44 Barb. 81. Section 64 of the consolidation act does not apply. The work was authorized by the resolution of the common council, and the plaintiff was authorized to do it by the contract which was made pursuant to that resolution.

At the trial the defendant offered a letter signed by one Dean, who had been the superintendent of street improvements in the department of public works, but who is dead. It was made to appear that the letter came from the files of the department, and that it was signed by Dean; and it was thereupon offered in evidence by the defendant, but excluded. We see no error in this ruling of the court. It was not made to appear in any way that this letter was written in the course of business, or that it came within the rule which admits the declaration of a deceased person when made in the performance of his duties. The fact that it came from the files of the department of public works of itself was of no importance.

There is no error apparent in the record, and the judgment and order should be affirmed, with costs. All concur.