(162 App. Div. 394)

## BORUP v. VON KOKERITZ.

(Supreme Court, Appellate Division, Second Department. May 25, 1914.)

1. CONTRACTS (§ 319*)—WORK AND LABOR (§ 14*)—BREACH—REMEDY.
    Where performance of a building contract was prevented by the fault of defendant, plaintiff can rescind and sue on a quantum meruit for the value of work done, or sue upon the contract to recover for the work done according to the contract and for the loss, in profits or otherwise, sustained.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. § 319;* Work and Labor, Cent. Dig. §§ 29–33; Dec. Dig. § 14.*]

2. CONTRACTS (§ 289*)—BUILDING CONTRACTS—RIGHT OF RECOVERY—ARCHITECT'S CERTIFICATE.
    Where a building contract required an architect's certificate as a condition precedent to partial payments, the contractor is not entitled to a partial payment, where the architect refused the certificate because the work was defective, though, as an additional ground, he based his refusal on the refusal of the superintendent of construction to approve the work, and hence the contractor, having quit work, cannot recover on a quantum meruit.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1310; Dec. Dig. § 289.*]

3. CONTRACTS (§ 306*)—RIGHTS OF CONTRACTOR—BUILDING CONTRACTS.
    Where a contractor quit work, and the owner completed the building as permitted in such case by the contract, the owner is liable to the contractor only for the contract price, less the sum required for completion.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1528–1533; Dec. Dig. § 306.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Westchester County.

Action by John Borup against Sarah E. Von Kokeritz. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed on condition that plaintiff enter a remittitur; otherwise reversed and remanded.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Michael J. Tierney, of New Rochelle, for appellant.

Sydney A. Syme, of Mt. Vernon, for respondent.

JENKS, P. J. The plaintiff began to build a house for the defendant under a written contract, but quit the work, brought this action on a quantum meruit, and recovered a verdict for his full claim. He contended that the defendant broke the contract by failure in a partial payment due under the contract. The contract provided for such payments upon certificates of the architect. When plaintiff closed his case, the court expressed opinion that the plaintiff could not recover because of performance or refusal of the architect's certificate, as it seemed clear that plaintiff had not performed the work to the point of entitling him to the certificate. The case was reopened, but the witness thereupon called by the plaintiff did not cure the defect; quite the contrary. And, when the plaintiff again closed his case, the court commented:

"I have come to the conclusion that in the first place, so far as the refusal of the architect, based upon defects, is concerned, there is no case made out here to go to the jury; that is to say, to raise the question of the defects not being substantial and warranting the withholding of the certificate, if it is raised on that ground," etc.

The case presented by the defendant did not incidentally avail the plaintiff. The court in its charge, speaking as to the facts, said:

"Therefore if this architect had refused that certificate, refused to issue that certificate upon the ground of those defects, his refusal would be binding upon both plaintiff and defendant. It would not be competent for either party to come here and say that that refusal was unreasonable."

But the court submitted the case to the jury, with the instructions that they must return a verdict for the plaintiff in an amount conceded to be due by the defendant, and that they must return a verdict for the plaintiff in the full amount of the claim if they found that the defendant directed the architect not to exercise his judgment on the merits as to issuing the certificate, and not to issue the certificate until McCarten (the superintendent of construction in defendant's employ) recommended it, and that on the 29th day of July (the date of alleged breach) the architect gave the plaintiff information of that fact, and that, by reason of that restriction and information, the plaintiff took the stand he did—refused to go on with the work. As the verdict was for the full amount, which the court told the jury could not be found save in accord with these instructions, it follows that we must consider the soundness of the instructions.

[1] The general rule is that, if the performance had been stopped by fault of the defendant, the plaintiff could elect to rescind and to

sue on a quantum meruit for the value of his work, or to sue upon the contract to recover for the work done according to the contract and for the loss, in profits or otherwise, sustained. Jones v. Judd, 4 N. Y. 411, 412; Wright v. Reusens, 133 N. Y. 298, 305, 31 N. E. 215; Heine v. Meyer, 61 N. Y. 171; Hardiman v. Mayor, 21 App. Div. 614, 615, 47 N. Y. Supp. 786. As the plaintiff sued on a quantum meruit, he was bound to establish that performance had been stopped · by the defendant.

[2] The act of the defendant relied upon by the plaintiff was failure to pay an installment when due under the contract. The certificate of the architect by the terms of the contract was made a condition precedent to that payment. The certificate was applied for and refused. I agree with the learned court that the evidence did not establish that the plaintiff was entitled to it. As against the testimony of the plaintiff as to the circumstances of the refusal, the architect called by the plaintiff testifies that he never said to the plaintiff that he would issue the certificate but for the lack of McCarten's recommendation; that the absence of such recommendation was not the only reason, but that he told the plaintiff that he (the architect) could not give a certificate because the work was defective; that he did not base giving the certificate on McCarten's recommendation; and that he refused it in this instance because of defective work. As I read the record, the requirement by the architect as to the authorization from McCarten was a condition made arbitrarily by the architect in a circular letter written to the parties at the time when McCarten was employed as superintendent. From the circumstance that neither party seems to have objected affirmatively to that condition, the architect seemed to assume that he had authority to impose it, as I fail to find any proof that the defendant ever sought to make McCarten's recommendation a prerequisite to the issuance of the architect's certificate. However this may be, the architect's testimony is that he refused the certificate for the nonperformance of the plaintiff, and so informed the plaintiff. The facts lend credence to this testimony. If the plaintiff was not entitled to the certificate, he was not entitled to the payment under the contract, and consequently the defendant did not legally stop performance by her omission or refusal to make the first payment in the absence of the certificate. And her right to withhold the payment was not affected if the architect based his refusal to issue the certificate upon a ground additional to nonperformance, and that additional ground was not authorized by the contract.

[3] The defendant pleaded and gave proof that, in accord with the permissive terms of the contract, she completed it. Therefore she was liable to the plaintiff for the contract price, less the amount required for such completion. Beecher v. Schuback, 1 App. Div. 359, 37 N. Y. Supp. 325, affirmed on the opinion below 158 N. Y. 687, 53 N. E. 1123; Ogden v. Alexander, 140 N. Y. 356, 35 N. E. 638; Ringle v. Wallis Iron Works, 149 N. Y. 439, 44 N. E. 175; Wakeham & Miller v. Roman Catholic Church, 150 App. Div. 159, 134 N. Y. Supp. 736. The contract requirement as to the certificate of the architect has no application. Beecher v. Schuback, supra; Wakeham & Miller v. Roman Catholic Church, supra, and authorities cited. The defend-,

ant conceded that the plaintiff was entitled to a verdict for $1,616, the difference between the original contract price and the cost of completion.

I advise that the judgment and order be reversed, and a new trial be granted, costs to abide the event, unless within 20 days the plaintiff consent to a reduction of the verdict to $1,616, in which event the judgment, as thus modified, and order, is affirmed, with costs of this appeal to the appellant. All concur.