CARLSON, HOLMES & BROMSTAD, INC., Plaintiff, *v.* M. I. STEWART & CO., INC., Defendant.

Supreme Court, New York County, October 21, 1932.

*H. O. Burden* [*Norman P. S. Schloss* of counsel], for the plaintiff.

*Milbank, Tweed, Hope & Wade* [*John A. Kelly* of counsel], for the defendant.

SHIENTAG, J. Plaintiff, a Chicago concern, agreed to install a beauty parlor in the defendant's store then in the course of construction on Fifth avenue in New York city. The materials were to be furnished by the plaintiff, who was to do all the work and labor incidental to the planning and building of the fixtures and their installation. The work was to be in accordance with detailed plans, specifications and measurements, based upon conditions in the defendant's store. Plaintiff built the fixtures in accordance with the plans and specifications. There remained only the work of

installation. Defendant was notified that the fixtures were in Chicago ready to be shipped and was asked for shipping instructions, and to set a date for the installation. The defendant refused to give such instructions.

Plaintiff is suing for the agreed price, less what it would have cost to install the fixtures. This, according to the evidence, also represents the fair and reasonable value. Plaintiff contends that the transaction was essentially one for work, labor and services upon materials which it was to furnish.

Defendant, on the other hand, urges that the transaction was a sale and is to be governed by the provisions of the Sales Act.

If, as the court construes it, the agreement was for work, labor and services and materials furnished, plaintiff is clearly entitled to recover. (*Borup* v. *Von Kokeritz*, 162 App. Div. 394; *Raile* v. *Peerless American Products Co.*, 192 id. 506.)

The language in the formal contract drawn by the defendant is most significant. There is no reference to any sale or purchase. The plaintiff is called the contractor, the defendant the owner. " The contractors shall and will provide all the materials and perform all the work for the manufacture, delivery and installation complete in the building of the owners at 5th Ave. and 56th St., of all work including all trade, except electric wiring and plumbing required for a complete job. All as required and indicated on beauty parlor plans and specifications * * * as prepared by Emil Fels, Architect * * *." The contract fixes the amount " to be paid by the owners to the contractors for said work and materials." The agreement, as a whole and in its every provision, is a construction contract. A unit, a beauty parlor, was to be bu'lt and installed. The individual fixtures, as such, meant nothing to the owner. Certain it is that we have here a type of contract which would not come within the Statute of Frauds. The goods, if they may be so termed, " are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business." (Pers. Prop. Law. § 85, subd. 2; Williston Sales, §§ 55, 55-a; *Morse* v. *Canasawacta Knitting Co.*, 154 App. Div. 351; affd., 214 N. Y. 695; *Eagle Paper Box Co.* v. *Gatti-McQuade Co.*, 99 Misc. 508; affd., 181 App. Div. 924.)

If, as the defendant contends, the transaction is to be construed as a sale, the plaintiff likewise is entitled to maintain an action for the price.

Subdivision 3 of section 144 of the Personal Property Law provides that, although property in the goods has not passed, " if they cannot readily be resold for a reasonable price * * * the seller may offer to deliver the goods to the buyer, and if the buyer refuses

to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer. Thereafter the seller may treat the goods as the buyer's and may maintain an action for the price." The goods were not readily resalable for a reasonable price; they were offered to the buyer who refused to receive them. It is claimed, however, that the seller failed to notify the buyer that the goods were thereafter held by the former as bailee for the latter.

It is true that the oral and written notices did not specifically use the word " bailee." The law does not expect business men to use the formal words of the statute in their dealings with one another; most of them have probably never read the statute. The precise word is not the sovereign talisman. Any other word or words reasonably calculated to convey the same meaning are just as potent. The fair inference to be drawn in the light of all the circumstances is that upon its refusal to give shipping instructions notice was given that the goods were being held for the defendant.

But it is said that plaintiff itself breached the contract. Plaintiff, in violation of the terms of the agreement, wrongfully demanded a substantial payment before installation. If persisted in, such wrongful demand would have justified the defendant in treating the contract at an end. It appears, however, that plaintiff withdrew from its position concerning an advance payment and that the contract was thereafter kept alive by the acts and conduct of the parties. " Mistakes, with corporations as with men, are often paid for in shortened lives. But error is not suicide." (*Assets Realization Co.* v. *Roth,* 226 N. Y. 370, 377.)

Plaintiff is entitled to the contract price, $59,045, less the cost of installation, amounting to $5,400. Verdict is, accordingly, directed in favor of the plaintiff for the sum of $53,645, with interest from the 1st day of February, 1930. Exception to defendant. Ten days' stay of execution and thirty days to make a case.