BEN CONSTRUCTION CORPORATION, Appellant, *v.* JOHN VENTRE, JR., et al., Respondents.

Fourth Department, April 8, 1965.

*Charles P. Ben* for appellant.

*John S. Kenny* and *Paul C. De Bernardis* for respondents.

NOONAN, J.   The defendants were awarded a judgment on counterclaims in the Municipal Court (now City Court) of the City of Syracuse.   Upon appeal to the Onondaga County Court the judgment was affirmed.   This appeal is from the affirmance of that judgment.

The plaintiff instituted action to recover moneys claimed to be due under a contract for the installation of a swimming pool on the defendants' property.   The counterclaims upon which the defendants succeeded were for rescission seeking the return of moneys paid on the contract and for money damages under section 150 of the Personal Property Law.   If it were not for errors in the submission of this case to the jury we would have no difficulty in affirming.   In our view the Personal Property Law does not apply to this case.   For this law to

apply the transaction must be one for the sale of property as distinguished from the rendition of services (*Perlmutter* v. *Beth David Hosp.*, 308 N. Y. 100). In determining whether a contract is for the sale of property or services the main objective sought to be accomplished by the contracting parties must be looked for. Here the written contract itself was for the installation of a swimming pool. Also the obvious objective of the defendants was to have a usable installed swimming pool and this is what they contracted for. This is a contract for work, labor and services, and not a sale (*Carlson, Holmes & Bromstad* v. *Stewart & Co.*, 147 Misc. 607, affd. 246 App. Div. 522). Thus it was error to submit these counterclaims to the jury under the Personal Property Law. In affirming the County Court concluded the Personal Property Law had no application but reasoned that the court below had "inherent power" to grant the relief sought by and granted to the defendants. We disagree not because the result may not well have been just but rather because when a case is submitted on an erroneous theory of law the result cannot be permitted to stand.

In view of this determination the defendants may well desire to amend their answer. If such an application is made the amendment should be allowed.

The order of Onondaga County Court and judgment of Municipal Court of Syracuse should be reversed and a new trial granted.

WILLIAMS, P. J. (dissenting). Justice requires the affirmance of this judgment, despite the fact that there might have been (and we do not agree that there were) errors in the submission of the case to the jury. The verdict of the jury was eminently fair and proper, and the majority so agree. As a matter of fact, if any other verdict were returned it would clearly be against the weight of the evidence.

Factually the case of *Carlson, Holmes & Bromstad* v. *Stewart & Co.*, (147 Misc. 607, affd. 246 App. Div. 522), cited by the majority, has no application. There the plaintiff contracted to construct and install a beauty parlor according to plans and specifications based upon conditions in defendant's store. Plaintiff agreed to provide all the work, labor, services and materials necessary for the building of the fixtures and their installations. While the court held that this was not a contract of sale, nevertheless it proceeded to apply certain sections of the Personal Property Law to the Statute of Frauds issue raised and as a basis for damages. Similarly, *Perlmutter* v. *Beth*

*David Hosp.* (308 N. Y. 100), where the court refused to characterize as a "sale" a hospital's actions in giving blood to a patient by transfusion, is not determinative of the present appeal.

The present situation does not in any degree represent an agreement similar to a construction contract. Here we have primarily a sale of a swimming pool with an incidental agreement to install. The sale was the important part and, as we have said, installation was incidental. That being so, there was no error in the charge insofar as it submitted certain sections of the Personal Property Law to be applied in the determination of damages.

This cause of action accrued in June of 1960. A jury verdict was rendered on the 23rd day of January, 1961. There was an appeal to the County Court of Onondaga County, where the judgment was affirmed. The case finally found its way into our court about five years after the cause of action accrued, and about four years after the verdict. The matter should not be protracted further.

Bastow and Del Vecchio, JJ., concur with Noonan, J.; Williams, P. J., dissents and votes to affirm in opinion in which Goldman, J., concurs.

Order of Onondaga County Court and judgment of Municipal Court (now City Court) of Syracuse reversed and a new trial granted in the City Court of Syracuse, with costs in all courts to abide the event.