■ BACK O'BEYOND, INC., Appellant, v TELEPHONIC ENTERPRISES, INC., Respondent.—In an action to recover damages for breach of contract, plaintiff appeals from an order of the Supreme Court, Putnam County, dated April 2, 1979, which granted defendant's motion to dismiss the complaint on the ground that the action was barred by the applicable Statute of Limitations. Order reversed, with $50 costs and disbursements, and the matter is remitted to Special Term for an immediate trial pursuant to CPLR 3211 (subd [c]) in accordance herewith. The record is insufficient to permit us to determine whether the parties' contract is in essence one for "services", and accordingly governed by the general contractual six-year Statute of Limitations period set forth in CPLR 213 (subd 2), or one for a "sale" of goods, in which event the four-year Statute of Limitations period set forth in section 2-725 of the Uniform Commercial Code would apply. (Cf. *Milau Assoc. v North Ave. Dev. Corp.*, 42 NY2d 482, 485-486; *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d 234, 237, affd on other grounds 34 NY2d 939.) Under the circumstances of this case, an immediate trial of this issue is appropriate. (See CPLR 3211, subd [c]; cf. *Usher v Usher*, 41 AD2d 368.) Margett, J. P., Martuscello and O'Connor, JJ., concur.

Weinstein, J., dissents and votes to affirm the order, with the following memorandum: Plaintiff sued for damages arising from an alleged breach of an express warranty in a contract for the sale and installation of a security fire alarm system. Installation of the system was completed in May, 1973

and the action was commenced in January, 1979. Special Term held that the contract was one for the sale of goods so that, pursuant to the four-year Statute of Limitations of section 2-725 of the Uniform Commercial Code, it had not been timely commenced. I would affirm the order of Special Term dismissing the action as time barred. Plaintiff here bought an alarm system. That was the essence of the transaction. To be sure, the bells, wires, transistors, etc., which constituted the alarm system, had to be installed by the seller, but this installation was tantamount merely to delivery, in that it rendered the system available to and usable by the buyer. The essence of the transaction remained the purchase of goods, and the installation of those goods was merely an incidental feature of the transaction. I believe that this case is distinguishable from cases such as *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.* (43 AD2d 234, affd 34 NY2d 939) and *Ben Constr. Corp. v Ventre* (23 AD2d 44), in which it was held that hybrid sales-service contracts for the construction of, respectively a bridge and a swimming pool were in essence service contracts. The items which were "sold" in those cases, such as structural steel, concrete, and pipes, were in and of themselves meaningless to the purchaser. The bridge purchaser did not intend to buy steel, and the pool purchaser did not mean to buy concrete. But the purchaser here bought items, such as alarm bells, which were intrinsically valuable to it; the installation of the bells was necessary to render them operative, but did not change the fact that, essentially, the contract was one for the purchase of an alarm system. In my view, if a contract is one that requires workmen "to put materials together and construct an article for the employer" (*Mixer v Howarth*, 38 Mass 205, 207), then it is a service contract (see *Milau Assoc. v North Ave Dev. Corp.*, 42 NY2d 482; *Perlmutter v Beth David Hosp.*, 308 NY 100). In the present case, the workmen did not have to put any materials together. They were merely called upon to install an alarm system which had been purchased by the buyer. Accordingly, this was a sales contract and I would affirm the order.