■ FARM AUTOMATION CORPORATION, Appellant, v RICHARD SENTER, Respondent. — In an action, *inter alia*, to recover damages for breach of contract, plaintiff appeals (1) from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated April 14, 1981, which granted defendant's motion for summary judgment dismissing the complaint, and (2) as limited by its brief, from so much of an order of the same court dated May 19, 1981, as, upon granting plaintiff's motion for leave to renew and/or reargue, adhered to its original determination. Appeal from the judgment dismissed. The judgment was superseded by the order dated May 19, 1981. Order reversed insofar as

appealed from, with $50 costs and disbursements, judgment vacated, motion for summary judgment granted only insofar as plaintiff seeks recovery based upon the theory of *quantum meruit* and otherwise denied and matter remitted to Special Term for further proceedings consistent herewith. Plaintiff seeks to recover damages for an alleged breach of contract wherein plaintiff agreed to render services and supply materials necessary for the installation of a silo system on defendant's farm. The contract between the parties provides that "the Seller warrants that the foundation will be properly installed and that the product will be erected in strict conformance with the manufacturer's specifications." After an extensive history of motions, cross motions and mistrials, plaintiff's counsel was unable to produce the manufacturer's specifications which were the appropriate ones at the time of sale and installation. Judgment was therefore granted dismissing the complaint. Plaintiff's motion for reargument and/or renewal was granted and the original determination was adhered to. There exist triable issues of fact which preclude the granting of summary judgment in favor of either party based upon the theory of breach of contract. Whether a contract is in essence one for services or one for the sale of goods is a question of fact *(Back O'Beyond v Telephonic Enterprises,* 76 AD2d 897). If the contract is deemed to be one for the sale of goods, subdivision (4) of section 2-607 of the Uniform Commercial Code provides that the buyer shall bear the burden of establishing any breach with respect to the goods accepted. It was thus error for Special Term to have concluded as a matter of law that plaintiff bore the burden of establishing its compliance with the manufacturer's specifications. Additionally, the affidavit in support of plaintiff's motion to reargue and/or renew raises an issue as to whether or not the alleged breach of warranty was in fact the cause of defendant's damage. We note that plaintiff is not entitled to recover on a *quantum meruit* theory for unjust enrichment based on the market value of its services since there exists a valid and enforceable contract between the parties. "The existence of an express contract in this case, as indicated by the record, negates the possibility of a recovery by plaintiff under a *quantum meruit theory" (Levi v Power Conversion,* 47 AD2d 543). Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.