■ CAROLYN DOWNEY, as Administratrix of the Estate of JEFFREY DOWNEY, Deceased, Respondent, v WILLIAM SWAN, Appellant, et al., Defendants. — In a wrongful death action, defendant William Swan appeals from an order of the Supreme Court, Suffolk County (Gerard, J.), entered June 2, 1981, which denied his motion to dismiss the complaint as to him. Order reversed, with $50 costs and disbursements, and the matter is remitted to Special Term for an immediate trial pursuant to CPLR 3211 (subd [c]) in accordance herewith. Plaintiff seeks to hold appellant, a member and manager of codefendant Dolphin Lane Associates, Ltd., personally liable for the decedent's death. Codefendant Dolphin, a limited partnership association, formed under the laws of New Jersey, was the lessor of the premises upon which decedent died, as a result of a fall thereon. The lessee of the premises was codefendant Edward Kowalski (doing business as The Barge), who operated a business establishment on said premises called "The Barge". Under the laws of New Jersey, the members and managers of a limited partnership association are not personally liable for an association judgment or debt, except under certain circumstances not herein relevant (NJ Stat Ann, § 42:3-9; *Carle v Carle Tool & Eng. Co.*, 36 NJ Super 36). Upon the expiration of the term of an association, the members and managers must proceed to liquidate its affairs, and cannot continue the business for which it was established, without incurring personal liability as general partners (NJ Stat Ann, § 42:3-15; *Leventhal v Atlantic Rainbow Painting Co.*, 68 NJ Super 406). However, an association continues to "enjoy *de jure* status during the period of liquidation", to the extent it is necessary " 'to prosecute and defend actions, to settle and close its affairs, dispose of and convey its property and assets of all kinds, both real and

personal, and to divide its capital' " (*Leventhal v Atlantic Rainbow Painting Co., supra,* p 411). As found by Special Term, a five-year lease between Dolphin, as lessor, which was executed by appellant, as a manager of Dolphin, and Kowalski, was entered into shortly prior to the expiration of the association's 20-year term. At the time, appellant was merely acting "in a representative capacity so as not to bind him as an individual partner in an ordinary partnership". However, at the time of decedent's death on July 9, 1978 the term of Dolphin had expired about 16 months earlier on February 21, 1977. Therefore, whether appellant is entitled to a dismissal of the action against him is an issue that can be determined only at a trial. Such a determination is dependent upon whether the activities of Dolphin, by its members and managers, after its term expired, constituted a continuing of the business for which it was established, thereby permitting plaintiff to sue appellant in his individual capacity, or whether they were merely an aspect of the liquidation of the affairs of Dolphin, thereby precluding appellant's individual liability. Under the circumstances, an immediate trial is warranted (see CPLR 3211, subd [c]; cf. *Back O'Beyond, Inc. v Telephonic Enterprises,* 76 AD2d 897). Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.