■ EZRA G. LEVIN et al., Appellants, v HOFFMAN FUEL COMPANY, a Division of CHEVRON, U.S.A., INC., Respondent. — Order, Supreme Court, New York County (McCooe, J.), entered March 24, 1982, which granted defendant's motion to dismiss the complaint on the ground that it is barred by the Statute of Limitations, affirmed, with costs. As detailed in the complaint, the allegations of which are deemed true on a motion to dismiss, the defendant Hoffman Fuel Company (Hoffman) agreed to supply heating fuel oil to plaintiffs' residence in Carmel, New York, on an automatic delivery basis, and in late December, 1975 Hoffman breached its agreement by permitting the oil supply to run out. As a consequence, the water in the heating system froze, causing substantial damage to the heating system and additional damage to the house. Although the record is somewhat confusing as to when this action was commenced, both parties appear to accept Special Term's conclusion that it was commenced on December 21, 1981, or just less than six years after the claimed breach. Defendant moved to dismiss the complaint alleging that the agreement was essentially one for the sale of goods, was accordingly controlled by the four-year Statute of Limitations set forth in subdivision (1) of section 2-725 of the Uniform Commercial Code and that the action was therefore untimely. Special Term granted the motion to dismiss in the order appealed from, and we agree. In evaluating whether the violation of a contract providing both for the sale of goods and for the furnishing of services is controlled by the four-year Statute of Limitations set forth in the Uniform Commercial Code or the six-year contractual Statute of Limitations in CPLR 213 (subd 2), the test established by controlling authority is whether the agreement is "predominantly" one for the sale of goods or for the providing of services. (*Perlmutter v Beth David Hosp.*, 308 NY 100, 104; *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d 234, affd on other grounds 34 NY2d 939; see *Burton v Artery Co.*, 279 Md 94; Applicability of UCC Article 2 to Mixed Contracts for Sale of Goods and Services, Ann., 5 ALR4th 501; but see 1 Williston, Sales [Squillante & Fonseca, 4th ed], § 5-6.) Although the defendant's promise to

provide the oil on an automatic basis was undoubtedly important to the plaintiffs, and may conceivably have been an inducing factor in their entering into the agreement with Hoffman, we think it sufficiently free from doubt that the agreement was essentially one for the sale of oil, to which the promised service, however important, was incidental. As to the conclusion reached in the dissenting opinion that factual issues are presented which require a hearing on the intention of the parties, we note the fundamental principle that where the terms of a contract are clear and unambiguous, its construction, including the intent of the parties as expressed in the agreement, involves questions of law for the court to determine. (10 NY Jur, Contracts, §§ 190, 193.) We perceive no ambiguity in the agreement at issue here. There may be agreements in which it is difficult to determine from the face of the agreement whether the sale of goods or the promise to provide service is predominant, and as to which surrounding circumstances may be decisive in resolving that question. (Cf. *Farm Automation Corp. v Senter*, 84 AD2d 757, 758; *Curtis Pub. Co. v Sheridan*, 53 FRD 642 [USDC, SDNY].) The agreement with which we are here concerned does not present that problem. Concur — Sandler, J. P., Ross, Fein and Kassal, JJ.

Asch, J., dissents in a memorandum as follows: In my opinion the order dismissing the complaint should be reversed. Plaintiffs claim that as a result of a breach of contract by defendant, under which the latter was obligated to monitor the fuel requirements of, and to make automatic fuel deliveries to, the plaintiffs' house in Carmel, New York, the water in the boiler, pipes and radiators froze, causing the boiler, pipes and radiators to burst, and the entire system had to be replaced. Special Term held that the contract between the parties was one for the sale of goods only, governed by the four-year Statute of Limitations under section 2-725 of the New York Uniform Commercial Code, rather than the six-year Statute of Limitations set out in CPLR 213 which would apply if the contract were predominantly one for services. The court briefly reviewed the allegations of the complaint and the contentions of the parties with respect to the contract. It concluded that the contract simply "called for the sale of heating oil and the automatic delivery service was merely incidental thereto." It is not disputed that if the contract were predominantly one for the provision of services, the six-year statute governs and the motion to dismiss the complaint should have been denied. (See *Dynamics Corp. of Amer. v International Harvester Co.*, 429 F Supp 341.) The New York rule is well settled that in deciding whether a contract is for the sale of goods or for services, the court must look to "the main objective sought to be accomplished by the contracting parties". (*Ben Constr. Corp. v Ventre*, 23 AD2d 44, 45; see, also, *Perlmutter v Beth David Hosp.*, 308 NY 100; *Schenectady Steel Co. v Trimpoli Gen. Constr. Co.*, 43 AD2d 234, affd 34 NY2d 939.) In applying this test, the transaction must be examined in its entirety to determine its essential nature. Thus, in *Ben Constr. Corp. v Ventre* (*supra*), the court held that the contract for the installation of the pool was one for services, *not* for the sale of goods, in spite of the fact that defendant had contracted for a finished product, a swimming pool. Similarly, in *Perlmutter v Beth David Hosp.* (*supra*), the Court of Appeals decided that even though the plaintiff characterized her claim, arising from contaminated blood supplied to her during a hospital stay, as one for the sale of goods, the dominant purpose of the contract was the provision for medical care and services. As a result, her claim was essentially based upon services, not a sale. (308 NY, at pp 104, 106.) Moreover, if there is a factual question as to whether a contract is in essence one for services or one for the sale of goods, it is appropriate to hold a hearing on the question, not to dismiss the complaint on motion. See *Back O'Beyond, Inc. v Telephonic*

*Enterprises* (76 AD2d 897), in which the court held that it was unclear from the record whether a contract for the sale and installation of a security fire alarm system was in essence one for services, and, therefore, governed by the six-year statute, or one for the sale of goods subject to the four-year statute. Accordingly, it reversed an order of the Supreme Court dismissing the complaint as barred by the Uniform Commercial Code's four-year statute, and remanded the matter for immediate trial of that issue. (See, also, *Farm Automation Corp. v Senter*, 84 AD2d 757.) Special Term has examined the critical issue herein as if it were simply a question of law. However, there are a number of factual questions raised, the resolution of which may establish that the contract was intended by the parties to be primarily one for services. The cases relied on by the defendant are inapposite because the contracts there involved are not ones for multiple purposes. It is certainly possible the contract between the parties herein was essentially a contract for services, governed by the six-year Statute of Limitations. (See *Ben Constr. Corp. v Ventre, supra*, at p 45; *Dynamics Corp. of Amer. v International Harvester Co., supra*, at p 346.) On the basis of these cases, Special Term should have found that it was unclear from the record whether the contract was principally one for services or one for the sale of goods only. Accordingly, it should have ordered a hearing rather than dismiss the complaint (see CPLR 3211, subd [c]).