■ R. W. Sawyer, Appellant, v Camp Dudley, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered October 24, 1983 in Essex County, which granted defendant's motion for summary judgment dismissing the complaint. ¶ The parties entered into a written contract, dated March 29, 1976, whereby plaintiff was to screen and deliver to defendant's place of business a certain amount of sand and gravel of specified sizes to be used in defendant's leach bed. Between May and July, 1976, plaintiff removed, screened and delivered sand and gravel to defendant's premises. A dispute arose as to how much sand and gravel plaintiff had delivered and how much could actually be placed in the leach bed. On June 30, 1976, defendant paid $3,704. On September 28, 1976, plaintiff billed defendant an additional $14,058. When the parties failed to compromise on the amount due, plaintiff commenced, in February of 1982, five and one-half years after the last bill was submitted, an action for nonpayment of the materials and services provided. ¶ Defendant moved for summary judgment pursuant to CPLR 3212 to dismiss the complaint on the ground, inter alia, that the action was barred by the four-year Statute of Limitations of section 2-725 of the Uniform Commercial Code. Plaintiff maintained that the contract was one for labor and services rather than for a sale of goods and, therefore, that the six-year Statute of Limitations applicable to contract actions (CPLR 213, subd 2) applied. Special Term granted defendant's motion and plaintiff appeals from the order entered thereon. ¶ CPLR 213 (subd 2) provides, in pertinent part, that an action upon a contractual obligation must be commenced within six years of its accrual except as provided in article 2 of the Uniform Commercial Code. An action for a breach of contract for sale must be commenced within four years after the cause of action has accrued (Uniform Commercial Code, § 2-725). The sole issue in this case is which of the two statutes is applicable. Since article 2 of the Uniform Commercial Code applies only to transactions in goods (Uniform Commercial Code, § 2-102), the issue is whether the contract for screened sand and gravel is one for the sale of goods or for labor and services. ¶ The facts are not in dispute. Plaintiff agreed to supply defendant with a certain amount of sand and gravel screened to specifics; defendant had employed other entities to design and construct the leach bed; and deliveries by plaintiff were coordinated with the installation contractors. In sum, plaintiff was to perform no service for defendant other than screening the sand and gravel and delivering same to defendant's premises. Thus, it is clear that the predominant purpose of the contract was a transfer of title to personal property, a sale of goods, and any services rendered by plaintiff were merely incidental or collateral to the sale of the sand and gravel (see Levin v Hoffman Fuel Co., 94 AD2d 640, affd 60 NY2d 665). Therefore, the contract was for a sale of goods and the four-year Statute of Limitations set forth in section 2-725 of the Uniform Commercial Code is applicable. Plaintiff's action is time barred. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.