■ BRIAN R. SHERO et al., Appellants, v HOME SHOW U.S.A., LTD., Respondent. [598 NYS2d 408] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed plaintiffs' action as time-barred. Plaintiffs were required to commence their action within four years after the cause of action accrued *(see,* UCC 2-725 [1]). The cause of

action accrued on March 22, 1985, when installation of the solar heating unit was complete (see, UCC 2-725 [2]; *Nassau Roofing & Sheet Metal Co. v Celotex Corp.,* 74 AD2d 679, 681). Plaintiffs did not commence the action until March 14, 1990, nearly a year after the limitations period had expired.

We reject plaintiffs' argument that article 12 of the Energy Law and the regulations set forth at 9 NYCRR part 7830 have the effect of extending the four-year limitations period. We also reject plaintiffs' contention that their cause of action did not accrue until discovery of the alleged defects in the solar panels. Nothing in the express warranty "explicitly extends to future performance of the goods" (UCC 2-725 [2]). Under the terms of the warranty, defendant agreed only to "perform necessary repairs on or replace the product." Such agreement does not amount to an explicit warranty of the future performance of the goods (see, *Shapiro v Long Is. Light. Co.,* 71 AD2d 671; cf., *Mittasch v Seal Lock Burial Vault,* 42 AD2d 573). (Appeal from Order of Supreme Court, Erie County, McGowan, J.—Dismiss Action.) Present—Callahan, J. P., Green, Lawton, Doerr and Boehm, JJ.