■ FRANKLIN NURSING HOME, Respondent, v POWER COOLING, INC., Appellant. [642 NYS2d 80] —In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Queens County (Rutledge, J.), dated March 31, 1994, as denied those branches of its motion which were to dismiss the first, second, and fourth causes of action in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion to dismiss the complaint is granted in its entirety, and the complaint is dismissed.

This controversy is centered upon a written agreement between the parties dated June 24, 1988, whereby the plaintiff contracted with the defendant for the purchase of an air conditioning unit, to be installed by the defendant at the plaintiff's nursing home. After the air conditioning unit was installed, the plaintiff received two violations from the New York City Environmental Control Board because the sound emanating from the plaintiff's air conditioning system exceeded permissible decibel levels.

The plaintiff alleges that after it notified the defendant of the violations, the defendant promised to correct the situation but took no steps to remedy the violations. Consequently, the plaintiff was required to pay for the installation of a sound barrier. The plaintiff has asserted causes of action alleging, *inter alia,* breach of contract and breach of the implied warranty of merchantability and seeks recovery of the $16,130 which it paid for the installation of the sound barrier.

Contrary to the plaintiff's contention, the four-year Statute of Limitations enunciated in UCC 2-725 applies in this case because the parties' contract was predominantly for the sale of the air conditioning unit, not for the providing of services (*see, Levin v Hoffman Fuel Co.,* 94 AD2d 640, *affd* 60 NY2d 665). To this end, the subject contract clearly evinces that the sale of the air conditioning unit was not merely incidental or collateral to the parties' transaction (*see, Sawyer v Camp Dudley,* 102 AD2d 914; *Triangle Underwriters v Honeywell, Inc.,* 604 F2d 737, 742).

Furthermore, the plaintiff's causes of action accrued when installation of the unit was complete (*see, Shero v Home Show U.S.A.,* 193 AD2d 1072; *Unitron Graphics v Mergenthaler Linotype Co.,* 75 AD2d 783), which the plaintiff acknowledges to have occurred in May 1989. It is uncontroverted that the plaintiff did not commence this action until August 1994, which was after the four-year Statute of Limitations had expired. Moreover, there is no basis in the record to support the Supreme Court's determination that the parties' had entered into a contract in June 1991, which was wholly independent from the subject contract and pursuant to which the defendant became obliged to remedy the alleged noise condition. Accordingly, since all of the plaintiff's claims are time barred, the defendant's motion to dismiss should have been granted in its entirety. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.