■ R.A. ASSOCIATES, Appellant-Respondent, v JACK LERNER et al., Respondents-Appellants. [697 NYS2d 161] —In an action, *inter alia,* to recover on an account stated, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated July 8, 1998, as granted that branch of the defendants' motion which was to dismiss the first and third causes of action in the amended complaint, and the defendants cross-appeal from so much of the same order as denied those branches of their motion which were for costs and the imposition of a sanction pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly determined that the plaintiff was judicially estopped from asserting a cause of action to recover damages based on quantum meruit. The doctrine of judicial estoppel provides that where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter assume a contrary position if it will result in prejudice to the adverse party (*see, Van Valkenburgh v Lutz,* 304 NY 95, 99-100; *Houghton v Thomas,* 220 App Div 415, 423, *affd* 248 NY 523; *Chemical Bank v Aetna Ins. Co.,* 99 Misc 2d 803). Having asserted a cause of action to recover on an account stated, the plaintiff assented to the amount due (*see, Volkening v Degraaf,* 81 NY 268). "[T]he very meaning of an account stated is that the parties have come together and agreed upon the balance of indebtedness, *insimul computassent,* so that an action to recover the balance as upon an implied promise of payment may thenceforth be maintained" (*Newburger-Morris Co. v Talcott,* 219 NY 505, 512; *see also, Interman Indus. Prods. v R.S.M. Electron Power,* 37 NY2d 151). On December 10, 1996, the Supreme Court entered a judgment on the plaintiff's cause of action based on the account stated, and thereafter, the defendants satisfied that judgment. The plaintiff cannot now recover in quantum meruit (*see, Perez v Perez,* 154 AD2d 359; *Farm Automation Corp. v Senter,* 84 AD2d 757; *Levi v Power Conversion,* 47 AD2d 543).

Moreover, the plaintiff's cause of action based on fraud was also properly dismissed. It is well settled that general allegations that the defendant entered into an agreement with the intention not to perform are insufficient to support a cause of action sounding in fraud (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318; *Briefstein v Rotondo Constr. Co.,* 8 AD2d 349, 351).

The parties' remaining contentions are without merit. S. Miller, J. P., Ritter, Florio and H. Miller, JJ., concur.