# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

300
CA 16-01312
PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

B. THOMAS GOLISANO, PLAINTIFF-RESPONDENT,

V                                                        MEMORANDUM AND ORDER

VITOCH INTERIORS LTD., ARTHUR VITOCH AND
NORMA J. GOLDMAN, DEFENDANTS-APPELLANTS.

---

GEIGER AND ROTHENBERG, LLP, ROCHESTER (DAVID ROTHENBERG OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

CULLEY MARKS TANENBAUM & PEZZULO, LLP, ROCHESTER (GLENN E. PEZZULO OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered May 9, 2016. The order denied defendants' motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Sometime in November or December 2013, plaintiff hired defendants to refurbish his luxury motor yacht. According to plaintiff, defendants were retained to prepare an interior design scheme, including color schemes, new furniture, wall coverings, floor coverings, lighting treatments, and window treatments. As part of the work, defendants were to re-upholster certain existing furniture and refurbish existing built-ins and wall panels, as well as provide new carpeting, draperies, lighting fixtures, paintings, furniture, and bed linens. Plaintiff alleges, inter alia, that defendants promised to charge him "[d]efendants' wholesale cost or [d]efendants' preferred price for all goods and materials." Although plaintiff's wife and the yacht's captain also attested to those terms, there is no writing memorializing the agreement. In total, plaintiff paid defendants $811,067.34 for goods and services for the project, which was completed in June 2014.

Plaintiff commenced this action in September 2015, asserting causes of action for breach of contract and unjust enrichment, and seeking to recoup some of the monies paid for goods and materials. Following some discovery, defendants moved for summary judgment, contending that the contract between the parties was predominantly for the sale of goods, and not for services, and that the contract was therefore governed by article 2 of the Uniform Commercial Code. Defendants further contended that, having accepted all goods sold and

delivered by defendants and paid in full without any reservation of rights, plaintiff is barred under UCC article 2 from recovering any of the purchase price paid.  Supreme Court denied the motion, and we affirm.

   To establish on their motion that the parties' agreement is governed by UCC article 2, defendants had the burden of establishing as a matter of law that the parties' agreement was " 'predominantly' " one for the sale of goods, as opposed to the furnishing of services (*Levin v Hoffman Fuel Co.*, 94 AD2d 640, 640, *affd* 60 NY2d 665; *see Milau Assoc. v North Ave. Dev. Corp.*, 42 NY2d 482, 486).  Defendants therefore had to establish that the parties' "main objective" in their agreement was for defendants to provide plaintiff with such goods (*Ben Constr. Corp. v Ventre*, 23 AD2d 44, 45; *see also Perlmutter v Beth David Hosp.*, 308 NY 100, 104-105, *rearg denied* 308 NY 812).  We conclude that defendants failed to meet their burden (*see Zuckerman v City of New York*, 49 NY2d 557, 562).  Inasmuch as the transaction was predominantly service-oriented, it falls outside the provisions of UCC article 2 (*see County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.*, 114 AD2d 728, 729, *appeal dismissed* 67 NY2d 757; *see also Geelan Mechanical Corp. v Dember Constr. Corp.*, 97 AD2d 810, 811), and the motion was therefore properly denied.

Entered:  May 5, 2017                        Frances E. Cafarell
                                             Clerk of the Court