Dreamco Dev. Corp. v Cranesville Block Co., Inc. (2024 NY Slip Op 03937)

Dreamco Dev. Corp. v Cranesville Block Co., Inc.

2024 NY Slip Op 03937

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

330 CA 23-00127

[*1]DREAMCO DEVELOPMENT CORP., PLAINTIFF-APPELLANT,
v
CRANESVILLE BLOCK COMPANY, INC., DEFENDANT-RESPONDENT. 

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
HINMAN, HOWARD & KATTELL LLP, ALBANY (PAUL C. MARTHY OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Lynn W. Keane, J.), entered December 12, 2022. The order, insofar as appealed from, denied those parts of the motion of plaintiff for summary judgment on the breach of contract cause of action and dismissing the second counterclaim. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted in part with respect to the first cause of action and the second counterclaim, and the second counterclaim is dismissed.
Memorandum: Plaintiff and defendant signed a one-page "independent contractor and consultant" contract pursuant to which plaintiff agreed to sell certain minimum amounts of concrete on behalf of defendant (minimum) in return for monthly payments. During the term of the contract, defendant ceased making its monthly payments to plaintiff and terminated the contract, claiming that plaintiff had sold less than 10% of the minimum and failed to provide defendant with an adequate assurance that it could sell the remaining quantity by the end of the contract term.
Plaintiff thereafter commenced this action for, among other things, breach of contract. Defendant answered asserting counterclaims and affirmative defenses, including a counterclaim for breach of contract based upon plaintiff's failure to provide adequate assurance of its ability to perform its obligation under the contract (second counterclaim). Plaintiff thereafter moved for summary judgment on its breach of contract cause of action and dismissing defendant's counterclaims. Supreme Court denied the motion. As limited by its brief, plaintiff appeals from the order to the extent that it denied those parts of the motion seeking summary judgment on the breach of contract cause of action and dismissing the second counterclaim, and we reverse the order insofar as appealed from.
The dispositive issue before this Court is whether defendant was justified in demanding "adequate assurance of due performance" from plaintiff pursuant to UCC 2-609 (1). If article 2 of the UCC applies and if "adequate assurance is not forthcoming, repudiation is deemed confirmed, and the nonbreaching party is allowed to take reasonable actions as though a repudiation had occurred" (Norcon Power Partners v Niagara Mohawk Power Corp., 92 NY2d 458, 464 [1998]). Article 2 of the UCC applies only to agreements that are "predominantly . . . for the sale of goods, as opposed to the furnishing of services" (Golisano v Vitoch Interiors Ltd., 150 AD3d 1629, 1630 [4th Dept 2017] [internal quotation marks omitted]; see Levin v Hoffman Fuel Co., 94 AD2d 640, 640 [1st Dept 1983], affd 60 NY2d 665 [1983]; Milau Assoc. v North Ave. Dev. Corp., 42 NY2d 482, 486 [1977]). "In determining whether a contract is for the sale of property or services the main objective sought to be accomplished by the contracting parties must be looked for" (Ben Constr. Corp. v Ventre, 23 AD2d 44, 45 [4th Dept 1965]; see also Perlmutter v Beth David Hosp., 308 NY 100, 104-105 [1954], rearg denied 308 NY 812 [1955]).
Here, plaintiff met its initial burden on the motion of establishing that the contract was not predominately for the sale of goods. Pursuant to the contract, plaintiff agreed to provide services to defendant, i.e., to sell the concrete. The contract did not require plaintiff to purchase any products from defendant. Plaintiff therefore demonstrated that the UCC did not apply here, that defendant did not have the right to demand adequate assurance of performance (see UCC 2-609; see generally Norcon Power Partners, 92 NY2d at 464) and that defendant breached the agreement when it failed to remit its monthly payment according to the terms of the contract. Defendant failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562-563 [1980]). We reject defendant's assertion that plaintiff failed to preserve its contention that the UCC is not applicable.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court