Harbord v A.J. Richard & Sons, Inc.

2026 NY Slip Op 02827

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Melissa Harbord, et al., respondents,

v

A.J. Richard & Sons, Inc., et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2023-09752, (Index No. 529120/21)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Phillip Hom

Susan Quirk, JJ.

Kelley Drye & Warren LLP, New York, NY (William S. Gyves, Randall L. Morrison, Jr., and Edwin A. Herod of counsel), for appellants.

Avallone & Bellistri, LLP, Lake Success, NY (Rocco G. Avallone, Christopher F. Bellistri, and Adam R. Gonnelli of counsel), for respondents.

[*1]

DECISION & ORDER

In a putative class action, inter alia, to recover damages for fraudulent inducement, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 12, 2023. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.

ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the causes of action alleging unjust enrichment and breach of an express warranty, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 2021, the plaintiffs commenced this putative class action against the defendants, alleging, among other things, that the defendants falsely represented that installations of gas appliances purchased by the plaintiffs from "P.C. Richard" were performed by "certified" installers, which induced the plaintiffs to purchase gas appliances and installation services from the defendants. Subsequently, the plaintiffs amended their complaint to allege, inter alia, that the term "certified," as used by the defendants, "was false and misleading," on the ground that the installers did not perform the requisite installations "in accordance with New York City law." The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. In an order dated October 12, 2023, the Supreme Court denied the defendants' motion. The defendants appeal.

"On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction and the court must 'accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory'" (Ramirez v Donado Law Firm, P.C., 169 AD3d 940, 941, quoting Leon v Martinez, 84 NY2d 83, 87-88). "Where evidentiary material is submitted and considered with a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question is whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and the motion should not be granted unless the movant can show that a material fact as claimed by the plaintiff is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Truesource, LLC v Niemeyer, 223 AD3d 694, 695; see USRC Forest [*2]Hills, LLC v 68-60 Austin St. Realty Corp., 232 AD3d 746, 747).

"'A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law'" (Rosenfeld v Brody, 238 AD3d 1084, 1085, quoting Mohawk Constr. & Supply Co., Inc. v Walsh/Consigli JV, 222 AD3d 965, 966-967).

Contrary to the defendants' contention, they failed to demonstrate their entitlement to dismissal of the causes of action alleging violations of General Business Law §§ 349 and 350. In order to state a cause of action under either General Business Law § 349 or § 350, "[a] plaintiff must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception" (Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v Matthew Bender & Co., Inc., 37 NY3d 169, 176; see Plavin v Group Health Inc., 35 NY3d 1, 10). Under the second prong, "the test is whether the allegedly deceptive practice is 'likely to mislead a reasonable consumer acting reasonably under the circumstances'" (Wilner v Allstate Ins. Co., 71 AD3d 155, 165, quoting Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20, 26). Here, the amended complaint sufficiently alleged that the defendants engaged in consumer-oriented conduct that is materially misleading and that the plaintiffs suffered injury as a result of the defendants' allegedly deceptive act or practice (see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d at 25-26).

Moreover, the defendants failed to establish their entitlement to dismissal of the cause of action alleging fraud. "To state a cause of action sounding in fraud, a plaintiff must allege that '(1) the defendant made a representation or a material omission of fact which was false and the defendant knew to be false, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) there was justifiable reliance on the misrepresentation or material omission, and (4) injury'" (McDonnell v Bradley, 109 AD3d 592, 592-593, quoting Selechnik v Law Off. of Howard R. Birnbach, 82 AD3d 1077, 1078). Here, assuming the facts alleged in the amended complaint to be true and according the plaintiffs the benefit of every favorable inference (see Leon v Martinez, 84 NY2d at 87-88), the amended complaint sufficiently alleged that the defendants made false representations of fact that the defendants knew to be false for the purpose of inducing the plaintiffs to enter into sales contracts for the purchase and installation of certain gas appliances and that the plaintiffs justifiably relied on the defendants' representations and suffered injury as a result (see Berkovits v Berkovits, 190 AD3d 911, 915).

The defendants also failed to establish their entitlement to dismissal of the cause of action alleging breach of contract. "To state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached" (1470 39th St., LLC v Goldberg, 226 AD3d 853, 854 [internal quotation marks omitted]; see Thompson Bros. Pile Corp. v Rosenblum, 121 AD3d 672, 673). Here, the amended complaint sufficiently alleged that the defendants breached the sales contracts with the plaintiffs by failing to perform "certified" installations pursuant to the contracts (see Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159).

However, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging unjust enrichment. Here, "'[t]he existence of a valid contract governing the subject matter . . . preclude[d] recovery in quasi contract for events arising out of the same subject matter'" (Pierce Coach Line, Inc. v Port Wash. Union Free Sch. Dist., 213 AD3d 959, 961, quoting EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 23).

The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the cause of action alleging breach of an express warranty. In the context of a contract where services are merely "incidental" to a contract for the sale of goods, the UCC governs (Vitolo v Dow Corning Corp., 234 AD2d 361, 362-363; see Franklin Nursing Home v Power Cooling, 227 AD2d 374, 375). The UCC provides that, "[w]here a tender [*3][of goods] has been accepted . . . the buyer must within a reasonable time after he [or she] discovers or should have discovered any breach notify the seller of breach or be barred from any remedy" (UCC 2-607[3][a]). "'Where the buyer has accepted goods and given notification (subsection (3) of Section 2-607) he [or she] may recover as damages for any non-conformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable'" (Campbell v Bradco Supply Co., 194 AD3d 143, 147, quoting UCC 2-714[1]). Here, the amended complaint failed to allege that the plaintiffs provided the requisite notice to the defendants pursuant to UCC 2-607 (see id. § 2-607[3][a]).

The parties' remaining contentions either are without merit or need not be considered in light of our determination.

DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court